1  PETER BICKS (Pro Hac Vice)
   pbicks@orrick.com
2  ELYSE ECHTMAN (Pro Hac Vice)
   eechtman@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   51 West 52nd Street
4  New York, NY  10019-6142
   Telephone:  +1 212-506-5000
5  Facsimile:   +1 212-506-5151

6  MICHAEL WEED (SBN 199675)
   mweed@orrick.com
7  ORRICK, HERRINGTON & SUTCLIFFE LLP
   400 Capitol Mall, Suite 3000
8  Sacramento, CA  95814-4497
   Telephone:  +1 916 447 9200
9  Facsimile:   +1 916 329 4900

10 NATALIE NAHABET (SBN 301597)
   nnahabet@orrick.com
11 ORRICK, HERRINGTON & SUTCLIFFE LLP
   777 South Figueroa Street, Suite 3200
12 Los Angeles, CA  90017-5855
   Telephone:  +1 213-629-2020
13 Facsimile:   +1 213-612-2499

14 Attorneys for Defendants
   Johnson & Johnson and Johnson & Johnson
15 Consumer Inc.

16              UNITED STATES DISTRICT COURT

17     CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

18

| | |
|---|---|
| 19  HERMELINDA LUNA, ALEXANDRIA HANKS ON BEHALF OF THE ESTATE OF TANIA D. HANKS, ETHEL HERRERA, JEANETTE JONES, BECKY CANZONERI, MARGARET REED and BRENDA VERSIC,<br><br>Plaintiffs,<br><br>v.<br><br>JOHNSON & JOHNSON , JOHNSON & JOHNSON CONSUMER INC., AND DOES 1-25, inclusive,<br><br>Defendants. | Case No. 2:18-cv-04830<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF MOTION TO DISMISS (FRCP 12(b)(6))**<br><br>Date:        July 12, 2018<br>Time:       8:30 a.m.<br>Dept:        9D<br>Judge:      Hon. George H. Wu<br><br>Trial Date:None<br>Date Action Filed:  March 6, 2018 |

4143-9258-3444.2

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ...................................................................................... 1

II.  BACKGROUND ...................................................................................... 2

    A.   Plaintiffs' Complaint and Allegations ................................................ 2

    B.   Summary of the Law Relevant to Plaintiffs' Causes of Action ........... 5

        1.   Proposition 65 ......................................................................... 5

        2.   Section 17200 .......................................................................... 7

        3.   Section 17500 .......................................................................... 8

    C.   Procedural History ........................................................................... 8

III. STANDARD ON MOTION TO DISMISS .................................................. 8

IV.  PLAINTIFFS' CAUSES OF ACTION SHOULD BE DISMISSED ............ 9

    A.   Plaintiffs' Factual Allegations Do Not Demonstrate That the Relevant Products Exposed Consumers to Asbestos, Thus the Proposition 65 Claim Should Be Dismissed ........................................ 9

    B.   Plaintiffs' Allegations Do Not Demonstrate That They Had a Sufficient Factual Basis to Support the Certificate of Merit and Bring a Proposition 65 Claim ........................................................... 11

    C.   Plaintiffs' Section 17200 and Section 17500 Causes of Action Also Lack The Required Factual Basis and Must Be Dismissed ....... 13

V.   CONCLUSION .................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Ashcroft v. Iqbal*,
    556 U.S. 662, 129 S.Ct. 1937 (2009) ........................................*passim*

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544, 127 S.Ct. 1955 (2007) ........................................*passim*

*Navarro v. Block*,
    250 F.3d 729 (9th Cir. 2001) ..................................................... 8

*People ex rel. Bill Lockyer v. Fremont Life Ins. Co.*,
    104 Cal.App.4th 508 (2002) ....................................................... 7

*Physicians Comm. For Responsible Med. v. KFC Corp.*,
    224 Cal.App.4th 166 (2014) ....................................................*passim*

*Robertson v. Dean Witter Reynolds, Inc.*,
    749 F.2d 530 (9th Cir. 1984) ...................................................... 9

*In re Vaccine Cases*,
    134 Cal.App.4th 438 (2005) ...................................................... 11

*Yumul v. Smart Balance, Inc.*,
    733 F.Supp.2d 1117 (C.D. Cal. 2010) ......................................... 8

## Statutes

Cal. Bus. & Prof. Code

    §§ 17200 *et seq.* ..........................................................*passim*

    § 17208 ..................................................................... 7, 13

    §§ 17500 *et seq.* ..........................................................*passim*

    § 17535 ......................................................................... 8

Cal. Civ. Proc. Code

    § 338(a) ....................................................................... 8, 13

- ii

# TABLE OF AUTHORITIES
## (Continued)

**Page(s)**

§ 340 ................................................................................................. 5, 9

Cal. Health & Safety Code

§§ 25249.5 *et seq.* ................................................................... *passim*

§ 25249.6 .................................................................................... 5, 9, 11

§ 25249.7 ......................................................................................... 5, 9

§ 25249.7(c) ......................................................................................... 5

§ 25249.7(d) ............................................................................... *passim*

§ 25249.7(d)(1) ......................................................................... 6, 10, 12

§ 25249.7(h)(2) .................................................................................... 6

§ 25249.8 ............................................................................................. 5

§ 25249.10 ....................................................................................... 5, 9

§ 25903(a) ......................................................................................... 13

§§ 111791 *et seq.* ................................................................... 7, 13, 14

**Rules**

Fed. R. Civ. P.

11 ...................................................................................................... 10

12(b)(6) .............................................................................. 1, 2, 8, 15

Fed. R. Evid. 201 ............................................................................... 4

**Other Authorities**

Cal. Code Regs.

tit. 11, §§ 3100 *et seq.* ...................................................................... 6

4143-9258-3444.2

MEMO OF POINTS AND AUTHORITIES ISO MOTION
TO DISMISS
2:18-CV-04830

# TABLE OF AUTHORITIES
### (Continued)

**Page(s)**

tit. 11, § 3101 ................................................................................ 10, 11

tit. 11, § 3101(a) ........................................................................... 6, 12, 13

tit. 11, § 3102 ................................................................................ 10

tit. 11, § 3103 ................................................................................ 13

tit. 11, § 3103(a) ........................................................................... 7

tit. 27, § 25102(i) .......................................................................... 9

tit. 27, § 25701 ............................................................................. 9

tit. 27, § 25903 ............................................................................. 6

tit. 27, § 25903(a) ......................................................................... 7

tit. 27, §§ 27501 *et seq.* ............................................................... 5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.    <u>INTRODUCTION</u>

Johnson & Johnson and Johnson & Johnson Consumer Inc. (Defendants) move to dismiss the Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), because each cause of action in the Complaint improperly rests on no more than a purely conclusory assertion that the talcum powder products, Johnson's Baby Powder (JBP) and Shower to Shower (S+S), contain asbestos and asbestiform fibers. Plaintiffs' Proposition 65 and consumer protection claims (based on California Business & Professions Code Sections 17200 and 17500) fail to state a claim upon which relief may be granted.  They plead no creditable facts in support of their allegation that Defendants' products contained, and thus exposed California consumers to, asbestos and talc containing asbestiform fibers within the time period relevant to their claims.

The Complaint contains no allegation that Plaintiffs tested these widely available consumer products to find any asbestos or asbestiform fibers within the last year, for the Proposition 65 claim, within the last three years, for the Section 17500 claim, or within the last four years, for the Section 17200 claim.  Instead, Plaintiffs allege that products from much earlier time periods, dating back to the 1960s and 1970s, tested positive for asbestos, and claim that all present-day talc products *must* have asbestos.  That is not enough to satisfy the federal pleading standards set forth in *Ashcroft v. Iqbal* and *Bell Atlantic Corporation v. Twombly*. In the absence of factual allegations with respect to product testing within the respective statute of limitations time periods, the Complaint fails to state a plausible claim and should be dismissed.

Correspondingly, Plaintiffs' allegations fall short of demonstrating that they had an adequate factual basis to satisfy the pre-suit notice and merit requirements that are mandatory prerequisites to filing a Proposition 65 lawsuit.  Before filing their Proposition 65 claim, Plaintiffs were required to serve on Defendants a validly supported certificate of merit, which requires that Plaintiffs have a credible factual

basis to support each element of their claim.  Absent particularized facts demonstrating that Defendants' talcum powder products sold within the last year have been found to contain asbestos or asbestiform fibers, Plaintiffs cannot establish an actionable "exposure" under Proposition 65, and therefore could not have had the requisite pre-suit factual basis for the certificate of merit.  Without a properly supported certificate of merit, Plaintiffs are precluded from pursuing their Proposition 65 cause of action.

Plaintiffs have not alleged facts sufficient to state a claim under Proposition 65, Section 17200 or Section 17500, and they have not alleged an adequate factual basis to satisfy Proposition 65 pre-suit merit requirements.  Each of Plaintiffs' causes of action must be dismissed.  Fed.R.Civ.P. 12(b)(6).

## II.    BACKGROUND

### A.    Plaintiffs' Complaint and Allegations

Plaintiffs assert three causes of action: (1) violation of Proposition 65 (Cal. Health & Safety Code §§ 25249.5 *et seq.*); (2) violation of California's unfair competition law (Cal. Bus. & Prof. Code §§ 17200 *et seq.*); and (3) violation of California's false advertising law (Cal. Bus. & Prof. Code §§ 17500 *et seq.*).  Each of Plaintiffs' causes of action are grounded and rely on conclusory allegations that JBP and S+S products contain asbestos or asbestiform fibers during the relevant time periods.  *See* Complaint [Dkt. No. 1-1], ¶¶ 90-97 (Proposition 65); *id.* ¶¶ 104-112 (Section 17200); *id.* ¶¶ 117-120 (Section 17500).

Plaintiffs' allegations in large part are comprised of an historical chronology about talc and the alleged presence of asbestos in talcum powder products in prior decades.  *See generally*, Complaint, ¶¶ 16-66.  For instance, Plaintiffs allege:

> 20.  Geologists, Defendants and CTFA[1] – and their suppliers, experts, agents and advisors – have long known that the deposits in the earth that are associated with talc are also associated with the formation of

---

[1]   CTFA stands for the Cosmetic, Toiletry & Fragrance Association, now known as the Personal Care Products Council.  *See* Complaint, ¶ 17.

4143-9258-3444.2

asbestos.  […]  The United States Geological Survey on Commercial talc production in 1965, as well as those dating back to the 1800s, note the presence of tremolite, anthophylite and chrysotile commonly among those minerals found within talc deposits.  Complaint, ¶ 20.

22.  Beginning in the 1930s, medical and scientific literature emerged indicating talc was commonly, if not invariably, contaminated with substances known or suspected of being carcinogenic, such as asbestos, silica, quartz, nickel and arsenic.  *Id.* ¶ 22.

Throughout the Complaint, Plaintiffs describe various historical studies and testing involving talc, talc products, and asbestos, all of which also occurred many years ago.  For example, Plaintiffs allege:

25.  In 1968, a study presented at the American Industrial Hygiene Conference & Exposition and published in the American Industrial Hygiene Association Journal concluded that "[a]ll of the 22 talcum products analyzed have a…fiber content…averaging 19%...  [*Id.* ¶ 25.]

27.  A 1976 follow-up study conducted by researchers at Mount Sinai Hospital in New York concluded that "[t]he presence in these products of asbestiform anthophylite and tremolite, chrysotile, and quartz indicates the need for a regulatory standard for cosmetic talc… [*Id.* ¶ 27.]

29.  In 1971, the New York City of Environmental Protection Administration Air Resources Board conducted a study of two "leading" brands of talcum powder using transmission electron microscopy ("TEM") and X-ray diffraction ("XRD") analysis, and found them to contain 5-25% tremolite and anthophylite asbestos. [*Id.* ¶ 29.]

31.  After this 1971 symposium, Dr. Weissler of the FDA hired Dr. Seymour Z. Lewin to test commercially available talcum powders for asbestos.  Dr. Lewin tested 195 samples and found asbestos of varying amounts in 43…  [*Id.* ¶ 31.]

33.  A December 10, 1973, report of the CRGA's Talc Subcommittee disclosed that optical microscope analyses of talcs from the Italian, Montana I & II, Alabama, Vermont, and North Carolina mines had failed the proposed FDA's method because of elevated chrysotile concentrations.  [*Id.* ¶ 33.]

52.  Between 1970 and the 1990s, tests conducted by and on behalf of Defendants and the talc industry continued to show that talc and talcum powder products contained asbestos.  [*Id.* ¶ 52.]

In contrast to the detailed but outdated history Plaintiffs provide, nowhere in the Complaint do Plaintiffs allege that they or anyone else tested Defendants current products, or products that were sold in California within the last year, three

- 3 -

years, or four years (*i.e.*, within the applicable statutes of limitation for Plaintiffs'

claims), and that the results of those tests showed the presence of asbestos in

Defendants' products.[2]  Rather, Plaintiffs' allegations regarding asbestos in the

relevant products are wholly conclusory and factually unsupported:

> 54.  To this day, many talc-containing products presently on the market, including JBP and S+S contain Asbestos and Talc Containing Asbestiform Fibers… [*Id.* ¶ 54.]

> 78.  [. . .] Defendants manufacture, distribute, market and/or sell in California JBP and S+S containing Asbestos in levels exceeding the NSRL for inhalation through normal and intended use of the products.  [*Id.* ¶ 78.]

> 83.  At all times relevant to this action, Defendants have knowingly exposed California consumers to Asbestos and Talc Containing Asbestiform Fibers in the offending JBP and S+S talcum powder products without clear and reasonable warning to such individuals. [*Id.* ¶ 83.]

> 85.  At all times relevant to this action, Defendants' representatives have failed to warn California consumers that their JBP and S+S talcum powder products contain cancer-causing Asbestos and Talc Containing Asbestiform Fibers.  [*Id.* ¶ 85.]

Plaintiffs rely only on conclusory allegations because there is no basis to

allege that any present-day products contain asbestos.  In fact, the United States

Food and Drug Administration (FDA) performed independent testing of talcum

powder products, including JBP, for asbestos in the 2009 to 2010 time period, and

found no detectable asbestos.  *See* www.fda.gov/cosmetics/productsingredients/

ingredients/ucm293184.htm.  Defendants request that the Court take judicial notice

of the FDA test results.  Fed. R. Evid. 201.  Plaintiffs fail to allege any facts of

current or recent test results to support their assertion that Defendants' products

actually at issue in Plaintiffs' causes of action contain asbestos or asbestiform

fibers.

/ / /

---

[2]  Defendants regularly test samples of the talc used in JBP and S+S products for asbestos, and those tests have consistently shown no detectable asbestos in the talc.

**B.** **Summary of the Law Relevant to Plaintiffs' Causes of Action**

     **1.** **Proposition 65**

Proposition 65 is a warning statute passed by California voters in 1986. In general terms, Proposition 65 requires that consumer products sold in California include a warning if the product exposes users to a chemical the State of California has determined causes cancer or reproductive toxicity, and that exposure exceeds a determined safe level, *i.e.*, the No Significant Risk Level (NSRL) with respect to cancer. Cal. Health & Safety Code §§ 25249.6, 25249.10; Cal. Code Regs. tit. 27, §§ 25701 *et seq.* (providing the methodology to determine NSRL and to conduct exposure risk assessments). The Office of Environmental Health Hazard Assessment (OEHHA) maintains a list of chemicals that are covered under Proposition 65, which includes asbestos and talc containing asbestiform fibers.[3] Cal. Health & Safety Code § 25249.8. Failure to provide a Proposition 65 warning when a warning is required (*i.e.*, when an exposure to a listed chemical exceeds the NSRL) can subject the violator to injunctive remedies and civil penalties of up to $2,500 per violation. *Id.* § 25249.7. The statute of limitations on Proposition 65 violations is one year. Cal. Civ. Proc. Code § 340.

Thus, a Proposition 65 violation occurs when a product for sale in California, within the relevant one-year limitations period, exposes a consumer to a listed chemical above the NSRL without providing the Proposition 65 warning. A fundamental element, then, of a Proposition 65 cause of action is that the product at issue actually contain the listed chemical – in this case, JBP and S+S for sale in the prior year that contained asbestos or asbestiform fibers.

The Attorney General and district attorneys have primary enforcement authority for Proposition 65. *See* Cal. Health & Safety Code § 25249.7(c). A private party can bring a Proposition 65 action only when certain conditions have

---

[3] The OEHHA list of chemicals can be found at https://oehha.ca.gov/proposition-65/proposition-65-list.

MEMO OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS
2:18-CV-04830

been met.  *Id*. § 25249.7(d); Cal. Code Regs. tit. 27, § 25903; Cal. Code Regs. tit. 11, §§ 3100 *et seq*.  Before filing suit under Proposition 65, a private party must serve on the alleged violator (as well as on the Attorney General, district attorneys, and identified local officials) a notice of the alleged Proposition 65 violation (the 60-Day Notice).  Cal. Health & Safety Code § 25249.7(d); Cal. Code Regs. tit. 27, § 25903.

Among other requirements, the 60-Day Notice must be accompanied by a certificate of merit attesting that the certifier has consulted with one or more experts who analyzed the <u>exposure</u> to the product, and that based on that consultation believes there is a reasonable and meritorious case for the action.[4]  Cal. Health & Safety Code § 25249.7(d).  A "[r]easonable and meritorious case" requires "documentation of exposure to a listed chemical," and the certifier "must have a basis to conclude that there is merit to each element of the action on which the plaintiff will have the burden of proof."  Cal. Code Regs. tit. 11, § 3101(a).  The certificate of merit served on the Attorney General must include "factual information sufficient to establish the basis of the certificate of merit, including the information identified in paragraph (2) of subdivision (h). . ."  Cal. Health & Safety Code § 25249.7(d)(1).  The referenced subdivision (h)(2), in turn, provides that the certifying party must have a "credible factual basis for the certifier's belief that an exposure to a listed chemical had occurred or was threatened. . ."  *Id*. § 25249.7(h)(2).  Absent that factual basis, "the action shall be deemed frivolous[.]"  *Id*.  A private litigant cannot file a Proposition 65 claim and then attempt to discover facts necessary to support the 60-Day Notice or the certificate of merit.

---

[4]   The Certificate of Merit affirms "that the person executing the certificate has consulted with one or more persons with relevant and appropriate experience or expertise who has reviewed facts, studies, or other data regarding the exposure to the listed chemical that is the subject of the action, and that, based on that information, the person executing the certificate believes there is a reasonable and meritorious case for the private action."  Cal. Health & Safety Code § 25249.7(d).

MEMO OF POINTS AND AUTHORITIES ISO MOTION
TO DISMISS
2:18-CV-04830

1    *See Physicians Comm. For Responsible Med. v. KFC Corp.* (*PCRM*), 224

2    Cal.App.4th 166, 181 (2014).

3         Assuming compliance with pre-suit requirements, including a factually

4    supported certificate of merit, the private party can file a lawsuit under Proposition

5    65 if, after 60 days from service of the notice, no authorized state or local official

6    has commenced an action against the alleged violation.  Cal. Health & Safety Code

7    § 25249.7(d).  Without a valid certificate of merit, however, the private party is not

8    authorized to bring a lawsuit under Proposition 65.  Cal. Code Regs. tit. 27,

9    § 25903(a) ("No person shall commence an action to enforce the provisions of the

10   Act. . .except in compliance with all requirements of this section."); Cal. Code

11   Regs. tit. 11, § 3103(a).

12              **2.    Section 17200**

13        California Business & Professions Code section 17200 *et seq*. is commonly

14   called California's Unfair Competition Law (UCL).  Under the UCL, "unfair

15   competition" is defined as "any unlawful, unfair or fraudulent business act or

16   practice."  Cal. Bus. & Prof. Code § 17200.  A violation of another law can serve as

17   the predicate for a Section 17200 violation.  *See People ex rel. Bill Lockyer v.*

18   *Fremont Life Ins. Co*., 104 Cal.App.4th 508, 515 (2002).  The statute of limitations

19   for alleged UCL violations is four years.  Cal. Bus. & Prof. Code § 17208.

20        Plaintiffs allege that Defendants violated Section 17200 because Defendants'

21   actions were "unlawful" under two other statutes: Proposition 65, for "exposing"

22   California consumers to asbestos; and the California Safe Cosmetics Act (Cal.

23   Health & Safety Code §§ 111791 *et seq*.) (CSCA), for failing to disclose the

24   asbestos in JBP and S+S.  Complaint, ¶¶ 106-107.  Plaintiffs also allege that

25   Defendants' conduct violated the "unfair" and "fraudulent" prongs of the UCL.  *Id.*

26   ¶¶ 108-111.  In each case, the alleged Section 17200 violation is grounded and

27   dependent on the presence of asbestos in Defendants' products.  *Id.* ¶¶ 106-111.

28   / / /

4143-9258-3444.2

### 3.    Section 17500

California Business and Professions Code section 17500 is commonly called the False Advertising Law (FAL).  In general terms, the FAL prohibits the use of untrue or misleading statements in the sale of real or personal property, or services. Cal. Bus. & Prof. Code § 17500.  Private parties suing under the FAL can seek injunctive relief and restitution.  *Id.* § 17535.  The statute of limitations under the FAL is three years.  Cal. Civ. Proc. Code § 338(a); *see Yumul v. Smart Balance, Inc*., 733 F.Supp.2d 1117, 1130 (C.D. Cal. 2010).

As with Section 17200, Plaintiffs base the alleged Section 17500 violation on the purported presence of asbestos in Defendants' products.  *See, e.g.,* Complaint, ¶ 119 (alleging Defendants violated Section 17500 by "[r]epresenting the JBP and S+S are safe for their intended and foreseeable use and 'free of asbestos', knowing said representations were false. . .").

### C.    Procedural History

Plaintiffs, through counsel, sent a Proposition 65 60-Day Notice and certificate of merit to Defendants on August 24, 2017.  On March 6, 2018, Plaintiffs filed their complaint asserting the three causes of action discussed above. Defendants removed the case to federal court on May 31, 2018.  Defendants now move to dismiss all of Plaintiffs' causes of action for failure to allege facts on which a claim for relief can be stated (Fed.R.Civ.P. 12(b)(6)), and move to dismiss the Proposition 65 claim for the independent reason that Plaintiffs' pre-filing certificate of merit lacked the required factual support.

## III.   STANDARD ON MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic

- 8 -

4143-9258-3444.2

1   recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v.*
2   *Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007) (internal citations omitted).
3   The allegations in the complaint "must be enough to raise a right to relief above the
4   speculative level." *Id*. Accordingly, "[t]o survive a motion to dismiss, a complaint
5   must contain sufficient factual matter, accepted as true, to 'state a claim to relief
6   that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937
7   (2009). "A claim has facial plausibility when the plaintiff pleads factual content
8   that allows the court to draw the reasonable inference that the defendant is liable for
9   the misconduct alleged." *Id*. "The plausibility standard is not akin to a 'probability
10  requirement,' but it asks for more than a sheer possibility that a defendant has acted
11  unlawfully." *Id*. A complaint may be dismissed as a matter of law either for lack
12  of a cognizable legal theory or for insufficient facts under a cognizable theory.
13  *Robertson v. Dean Witter Reynolds, Inc*., 749 F.2d 530, 534 (9th Cir. 1984).

14  **IV.   PLAINTIFFS' CAUSES OF ACTION SHOULD BE DISMISSED**

15      **A.   Plaintiffs' Factual Allegations Do Not Demonstrate That the
16          Relevant Products Exposed Consumers to Asbestos, Thus the
            Proposition 65 Claim Should Be Dismissed.**

17          A Proposition 65 violation can only occur if, among other things, the
18  defendant's product for sale in California caused or threatened to cause an
19  "exposure" to a chemical listed under Proposition 65.[5]  Cal. Health & Safety Code
20  § 25249.6; Cal. Code Regs. tit. 27, § 25102(i).  Of course, an exposure to a listed
21  chemical can only occur if the product at issue <u>contains</u> that listed chemical.  The
22  statute of limitations applicable to Proposition 65 is one year, meaning that the
23  alleged violation must have occurred within that one year time frame.  Cal. Civ.
24  Proc. Code § 340.  To have a viable Proposition 65 cause of action, Plaintiffs must
25  / / /

26  ───────────────────
27  [5]   As noted above, exposure by itself is not enough to establish liability.  The
    exposure must exceed the NSRL for a Proposition 65 warning to be required.
    Cal. Health & Safety Code §§ 25249.7, 25249.10; Cal. Code Regs. tit. 27,
28  § 25701.

1   show that Defendants' products that were for sale in California in the year before

2   Plaintiffs filed suit contained asbestos or talc containing asbestiform fibers.

3          Plaintiffs' Complaint does not make the required factual showing.  Plaintiffs'

4   allegations that Defendants' products contain asbestos or asbestiform fibers are

5   entirely conclusory.  For instance, Plaintiffs allege: "At all times relevant to this

6   action, Defendants have knowingly exposed California consumers to Asbestos and

7   Talc Containing Asbestiform Fibers in the offending JBP and S+S talcum powder

8   products without clear and reasonable warnings to such individuals."  Complaint,

9   ¶ 83; *id.* ¶ 85 ("At all times relevant to this action, Defendants' representatives have

10  failed to warn California consumers that their JBP and S+S talcum powder products

11  contain cancer-causing Asbestos and Talc Containing Asbestiform Fibers.").

12  Plaintiffs dedicate several pages of detailed allegations about talc and talcum

13  powder products allegedly containing asbestos going back decades (*see* Complaint,

14  pp. 7-17), but nowhere in the Complaint do Plaintiffs allege that they investigated

15  Defendants' products for sale within the year prior to this lawsuit, and based on that

16  investigation, can demonstrate that those JBP and S+S products contain asbestos or

17  asbestiform fibers.  *See* Cal. Health & Safety Code § 25249.7(d)(1); Cal. Code

18  Regs. tit. 11, §§ 3101, 3102; *PCRM*, 224 Cal. App. 4th at 180-81 (relevant time

19  period for evidence of alleged violations is year before suit was filed).

20         To state a valid Proposition 65 claim, Plaintiffs must allege, consistent with

21  Rule 11, that they have that factual basis, namely, test results or some other

22  particularized information showing asbestos or talc containing asbestiform fibers

23  present in Defendants' products for sale in California in the year prior to this

24  lawsuit.  Absent that showing, Plaintiffs cannot possibly, much less plausibly,

25  demonstrate an actionable "exposure" and cannot have a viable Proposition 65

26  cause of action.  *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 ("[A] plaintiff's

27  obligation to provide the 'grounds' of his 'entitlement to relief' requires more than

28  labels and conclusions, and a formulaic recitation of the elements of a cause of

- 10 -

4143-9258-3444.2

1  action will not do.") (internal citations omitted).  Under the *Iqbal/Twombly*

2  pleading standards, Plaintiffs must allege more than the conclusory statement that

3  JBP and S+S "contained" asbestos and asbestiform fibers "at all times relevant to

4  this action."  Plaintiffs must allege the specific factual basis on which that

5  conclusion rests, and they have not done so.[6]

6          **B.    Plaintiffs' Allegations Do Not Demonstrate That They Had a**

7          **Sufficient Factual Basis to Support the Certificate of Merit and**
       **Bring a Proposition 65 Claim.**

8          Plaintiffs' Proposition 65 cause of action should be dismissed for the

9  independent reason that they have not demonstrated they had adequate factual

10 support for their certificate of merit when they sent the 60-Day Notice.  A defective

11 certificate requires that the Proposition 65 claim be dismissed.  *In re Vaccine Cases*,

12 134 Cal.App.4th 438, 453-57 (2005); *PCRM*, 224 Cal.App.4th at 180.

13         As explained above, Proposition 65 requires that a private plaintiff execute

14 and include with the 60-Day Notice a certificate of merit, which among other things

15 certifies that the noticing party has a credible factual basis to conclude that there is

16 merit to each element of the action on which the plaintiff will have the burden of

17 proof.  Cal. Health & Safety Code § 25249.7(d); Cal. Code Regs. tit. 11, § 3101.

18 Demonstrating that the defendant's products exposed or threatened to expose

19 California consumers to a listed chemical in the applicable time period is an

20 essential element the plaintiff must prove.  Cal. Health & Safety Code § 25249.6.

21 Stated plainly, Plaintiffs must be able to prove, as an element of their prima facie

22 case, that the products at issue contained the listed chemical.

23 / / /

24 ─────────────────────

25 [6]  In discovery, Plaintiffs will have to produce the evidence they are relying on to allege an actionable "exposure" to the listed chemicals.  Before the Court and Defendants are forced to expend substantial time and resources on this litigation, Plaintiffs should be required to allege that they did indeed conduct the necessary investigation on the relevant products and do possess such facts.  *See PCRM*, 224 Cal.App.4th at 180-81 (Proposition 65 claim dismissed after two years of litigation; plaintiff could not produce evidence establishing "failure to warn" element of cause of action and lacked that evidence before filing the complaint).

4143-9258-3444.2

1    To have validly executed the certificate of merit, Plaintiffs must have had a

2    specific factual basis – at the time they sent the 60-Day Notice – demonstrating that

3    the JBP and S+S products for sale in California within the prior year contained

4    asbestos or talc containing asbestiform fibers.  *See PCRM*, 224 Cal.App.4th at 179-

5    80 (affirming dismissal without leave to amend where plaintiff's "notice and

6    certificate of merit were not supported by facts sufficient to provide a basis for

7    [plaintiff] to believe that it could support the elements of its Proposition 65 claim").

8    That factual basis must include the results of Plaintiffs' investigation showing an

9    "exposure," such as test results or some other particularized information,

10   confirming the presence of asbestos or asbestiform fibers in the relevant JBP and

11   S+S products.  Cal. Code Regs. tit. 11, § 3101(a) (A "[r]easonable and meritorious

12   case" requires "documentation of exposure to a listed chemical. . .").  Stated

13   another way, if, when they sent the 60-Day Notice and certificate of merit,

14   Plaintiffs did not have test results or other specific information showing that

15   Defendants' products for sale in California in the prior year contained asbestos or

16   asbestiform fibers, Plaintiffs did not have an adequate factual basis for the

17   certificate of merit.  *See* Cal. Health & Safety Code § 25249.7(d)(1) (certificate of

18   merit must be supported by "facts, studies, or other data regarding the exposure to

19   the listed chemical that is the subject of the action"); *PCRM*, 224 Cal.App.4th at

20   179.

21        Plaintiffs do not allege that they conducted the necessary investigation on the

22   relevant products and had the required factual basis when they executed the

23   certificate of merit and sent the 60-Day Notice.  Rather, they allege in boilerplate

24   terms that "the Notice was issued pursuant to, and in compliance with, the

25   requirements of Health and Safety Code § 25249.7(d)."  Complaint, ¶ 13.  All of

26   Plaintiffs' other allegations are wholly conclusory, without factual support, that JBP

27   and S+S products "contained" asbestos and talc with asbestiform fibers "at all times

28   relevant to this action."  *See, e.g.*, Complaint, ¶¶ 83, 85.  That is not sufficient to

1    state a Proposition 65 claim under *Iqbal/Twombly*, and it is not sufficient to

2    demonstrate that the certificate of merit was properly supported by the required

3    facts. *See PCRM*, 224 Cal.App.4th at 182 ("A notice that is unsupported by

4    adequate investigation and information is equivalent to no notice at all."); Cal.

5    Code Regs. tit. 11, § 3101(a) ("Reasonable and meritorious case" requires

6    "documentation of exposure to a listed chemical" and "a reasonable basis for

7    concluding that the entire action has merit.").

8         Plaintiffs' allegations demonstrate that their certificate of merit lacked the

9    required factual support. Accordingly, Plaintiffs did not have authority to file their

10    Proposition 65 claim, and it must be dismissed. Cal. Health & Safety Code

11    § 25903(a) ("No person shall commence an action to enforce the provisions of the

12    Act 'in the public interest' pursuant to Section 25249.7(d) of the Act except in

13    compliance with all requirements of this section."); Cal. Code Regs. tit. 11, § 3103

14    (absent a valid certificate of merit, "the noticing party has no authority to

15    commence an action" under Proposition 65); *PCRM*, 224 Cal.App.4th at 179

16    (dismissing Proposition 65 claim because certificate of merit lacked factual basis).

17
     **C.    Plaintiffs' Section 17200 and Section 17500 Causes of Action Also
18          Lack The Required Factual Basis and Must Be Dismissed.**

19         Plaintiffs' Section 17200 and Section 17500 claims are entirely based on, and

20    dependent on, the alleged presence of asbestos or asbestiform fibers in Defendants'

21    products sold within the applicable limitations period, which is three years under

22    the FAL, and four years under the UCL. Cal. Bus. & Prof. Code § 17208 (UCL);

23    Cal. Civ. Proc. Code § 338(a) (FAL). With regard to the UCL, Plaintiffs allege

24    Defendants violated Section 17200 by: (1) exposing California consumers to

25    asbestos in JBP and S+S, in violation of Proposition 65 (Complaint, ¶ 106);

26    (2) failing to disclose the presence of asbestos in JBP and S+S, in violation of the

27    CSCA (*id.* ¶ 107); and (3) concealing from and misleading consumers regarding

28    asbestos in JBP and S+S, in violation of the "unfair" and "fraudulent" components

of the UCL (*id.* ¶¶ 108-111).  Plaintiffs allege Defendants violated the FAL by "disseminating untrue and misleading statements" "[r]epresenting that JBP and S+S are safe for their intended and foreseeable use and 'free of asbestos', knowing that said representations were false…").  *Id.* ¶ 119.

As demonstrated above, Plaintiffs have not provided any particularized factual basis for their contention that the relevant JBP and S+S products actually contain asbestos or asbestiform fibers.  Plaintiffs do not allege that they or anyone else tested JBP or S+S sold in California within the prior three years (FAL) or four years (UCL), and that the results of that testing showed the presence of asbestos in those products.  Quite the contrary – Plaintiffs only allegations that the relevant products contain asbestos are conclusory, entirely lacking any specific factual basis. *See, e.g.*, Complaint, ¶ 54 ("To this day, many talc-containing products presently on the market, including JBP and S+S contain asbestos. . ."); *id.* ¶ 59 ("…their JBP and S+S did and continue to contain Asbestos…"); *id.* ¶ 83 ("At all times relevant to this action, Defendants have knowingly exposed California consumers to Asbestos…"); *id.* ¶ 85 ("At all times relevant to this action, Defendants' representatives have failed to warn California consumers that their JBP and S+S talcum powder products contain cancer-causing Asbestos…").

In short, Plaintiffs' allegations fail to establish an adequate factual basis that Defendants' JBP and S+S products sold during the relevant time periods contain asbestos or asbestiform fibers.  Without that factual basis, Plaintiffs' cause of action under Section 17200 necessarily fails because they do not have a plausible factual basis to show: (1) an "exposure" to asbestos under Proposition 65; (2) a failure to disclose the presence of asbestos under the CSCA; or (3) any of the "unfair" or "fraudulent" conduct regarding asbestos in JBP and S+S that Plaintiffs allege. *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955.  The same result follows for Plaintiffs' Section 17500 cause of action.  Absent a particularized factual basis that JBP and S+S sold in California in the prior three years contained asbestos or asbestiform

4143-9258-3444.2

fibers, Plaintiffs cannot plausibly show that Defendants violated the FAL by making untrue or misleading statements regarding asbestos in the relevant JBP and S+S products. *Id.*

Because they do not allege an adequate factual basis that the relevant products actually contained asbestos or asbestiform fibers, Plaintiffs have failed to state a claim under Section 17200 or Section 17500.  Fed.R.Civ.P. 12(b)(6).

## V.   CONCLUSION

Plaintiffs have not alleged a sufficient factual basis under the *Iqbal/Twombly* standard to plausibly state a claim under Proposition 65, Section 17200 or Section 17500.  Plaintiffs' allegations also do not demonstrate the necessary factual basis to satisfy Proposition 65 pre-filing notice and merit requirements, which independently precludes their Proposition 65 claim.  For all of these reasons, each of Plaintiffs' causes of action should be dismissed.


Dated:       June 7, 2018             MICHAEL WEED
                                      ORRICK, HERRINGTON & SUTCLIFFE LLP


                                      By:_____/s/ Michael Weed_____
                                                       MICHAEL WEED
                                                  Attorneys for Defendants
                                      Johnson & Johnson and Johnson & Johnson
                                                     Consumer Inc.