THE LANIER LAW FIRM, P.C.
6810 FM 1960 West
Houston, TX 77069

LEE A. CIRSCH (SBN 227668)
lee.cirsch@lanierlawfirm.com
MICHAEL A. AKSELRUD (SBN 285033)
michael.akselrud@lanierlawfirm.com
THE LANIER LAW FIRM, P.C.
21550 Oxnard St., 3rd Floor
Woodland Hills, California 91367
Telephone: (310) 277-5100
Facsimile: (310) 277-5103

W. MARK LANIER (*pro hac* to be filed)       MICHAEL S. BURG (*pro hac* to be filed)
mark.lanier@lanierlawfirm.com                 MBurg@burgsimpson.com
RICHARD D. MEADOW                             DAVID K. TESELLE (*pro hac* to be filed)
(*pro hac* to be filed)                       DTeselle@burgsimpson.com
richard.meadow@lanierlawfirm.com              SETH A. KATZ (*pro hac* to be filed)
THE LANIER LAW FIRM, P.C.                      SKatz@burgsimpson.com
6810 FM 1960 West                             BURG SIMPSON ELDREDGE
Houston, Texas 77069                          HERSH & JARDINE, P.C.
Telephone: (713) 659-5200                     40 Inverness Dr. East
Facsimile: (713) 659-2204                     Englewood, Colorado 80112
                                              Telephone: (303) 792-5595
                                              Facsimile: (303) 708-0527

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| HERMELINDA LUNA, ALEXANDRIA HANKS ON BEHALF OF THE ESTATE OF TANIA D. HANKS, ETHEL HERRERA, JEANETTE JONES, BECKY CANZONERI, MARGARET REED and BRENDA VERSIC,<br><br>Plaintiffs,<br><br>vs.<br><br>JOHNSON & JOHNSON, JOHNSON & JOHNSON CONSUMER INC., and DOES 1-25, inclusive,<br><br>Defendants. | Case No. 2:18-cv-04830<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (FRCP 12(b)(6))**<br><br>Date:       July 19, 2018<br>Time:       8:30 a.m.<br>Place:      9D<br>Judge:      Hon. George H. Wu<br><br>Trial Date:               None<br>Date Action Filed:    March 6, 2018 |

# **TABLE OF CONTENTS**

I.    INTRODUCTION .............................................................................. 1

II.   BACKGROUND ............................................................................... 2

III.  ARGUMENT ................................................................................... 4

      A.    Legal Standard .................................................................. 4

      B.    Plaintiffs' Complaint alleges sufficient facts to allow the
            Court to draw the reasonable inference that the Products
            sold to Plaintiffs and other California consumers contained
            Asbestos and Talc Containing Asbestiform Fibers. ........................... 7

      C.    Plaintiffs complied with Proposition 65's notice
            requirements. .................................................................. 16

      D.    Alternatively, Plaintiffs request leave to amend their
            Complaint. ..................................................................... 19

IV.   CONCLUSION ................................................................................ 20

THE LANIER LAW FIRM, P.C.
6810 FM 1960 West
Houston, TX 77069

THE LANIER LAW FIRM, P.C.
6810 FM 1960 West
Houston, TX 77069

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................. passim

*Attalla v. Ford Motor Co.*,
   CV132862MWFVBKX, 2013 WL 12139109 (C.D. Cal. June 3,
   2013) ................................................................................................... 10, 11

*Balderas v. Countrywide Bank, N.A.*,
   664 F.3d 787 (9th Cir. 2011) ............................................................. 6, 7

*Banks.com, Inc. v. Keery*,
   C 09-06039 WHA, 2010 WL 1688612 (N.D. Cal. Apr. 26, 2010) ...................... 7

*Bell A. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................. passim

*Centaur Classic Convertible Arbitrage Fund Ltd. v. Countrywide Fin.
   Corp.*,
   793 F. Supp. 2d 1138 (C.D. Cal. 2011) ............................................. 7, 10

*Codexis, Inc. v. EnzymeWorks, Inc.*,
   3:16-CV-00826-WHO, 2017 WL 4236860 (N.D. Cal. Sept. 25,
   2017) ................................................................................... 7, 11, 19, 20

*Comm. for Immigrant Rights of Sonoma County v. County of Sonoma*,
   C 08-4220 RS, 2010 WL 2465030 (N.D. Cal. June 11, 2010) ............................ 7

*Cortina v. Goya Foods, Inc.*,
   94 F. Supp. 3d 1174, 1181 (S.D. Cal. 2015) ............................................. passim

*Hill-Jones v. Gen. Electric Co.*,
   EDCV142636JGBDTBX, 2015 WL 12732713 (C.D. Cal. May 5,
   2015) ................................................................................... 5, 6, 7, 10

*In re Vaccine Cases*,
   36 Cal. Rptr. 3d 80 (Cal. App. 2d Dist. 2005) ............................................. 18, 19

*Keates v. Koile*,
   883 F.3d 1228 (9th Cir. 2018) ................................................................. 6, 8, 9

ii

*Koller v. Med Foods, Inc.*,
 14-CV-02400-RS, 2015 WL 13653887 (N.D. Cal. Jan. 6, 2015).......7, 11, 13, 14

*Lorenz v. Safeway, Inc.*,
 241 F. Supp. 3d 1005, 1023 (N.D. Cal. 2017) ......................................5, 9, 10, 13

*New Image Glob., Inc. v. Natl. Tobacco Co., L.P.*,
 CV0906761DMGDTBX, 2010 WL 11506712 (C.D. Cal. Sept. 24,
 2010) ......................................................................................................7, 19, 20

*Physicians Comm. for Responsible Med. v. Applebee's Intl., Inc.*,
 168 Cal. Rptr. 3d 334 (Cal. App. 2d Dist. 2014) ...........................................18

*Soo Park v. Thompson*,
 851 F.3d 910 (9th Cir. 2017), *cert. denied sub nom. Thompson v.
 Park*, 138 S. Ct. 642 (2018)...........................................................................5, 6

*U.S. v. Corinthian Colleges*,
 655 F.3d 984 (9th Cir. 2011) ...........................................................12, 13, 19, 20

## Statutes

CAL. HEALTH & SAFETY CODE ANN. § 25249.6 ................................................16, 17

CAL. HEALTH & SAFETY CODE ANN. § 25249.7 ................................................17, 18

CAL. HEALTH & SAFETY CODE ANN. § 25249.10 ....................................................16

## Other Authorities

FED. R. CIV. P. 8.............................................................................................................4

FED. R. CIV. P. 12.......................................................................................5, 6, 8, 10

FED. R. CIV. P. 15.........................................................................................................19

FED. R. EVID. 201.......................................................................................................12

http://www.fda.gov/cosmetics/productsingredients/ingredients/ucm293184.htm. 12

THE LANIER LAW FIRM, P.C.
6810 FM 1960 West
Houston, TX 77069

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION[1]

Defendants Johnson & Johnson and Johnson & Johnson Consumer Inc. claim that Plaintiffs' Complaint (Dkt. No. 1-1) ("Complaint") must be dismissed in its entirety because Plaintiffs

> plead no creditable facts in support of their allegation that Defendants' products contained, and thus exposed California consumers to, asbestos and talc containing asbestiform fibers within the time period relevant to their claims.

Defendants' Memo at p. 1. Specifically, Defendants argue that Plaintiffs were **required** to allege that they

> tested these widely available consumer products to find any asbestos or asbestiform fibers within the last year, for the Proposition 65 claim, within the last three years, for the Section 17500 claim, or within the last four years, for the Section 17200 claim.

*Id.* This argument is wholly without merit. There is no such requirement under either the Federal Rules of Civil Procedure or Supreme Court precedent. Rather, Plaintiffs must simply plead sufficient facts to allow the Court to draw the reasonable inference

---

[1] Plaintiffs previously have filed a motion to remand this case back to California state court. In opposing Defendants' motion to dismiss, Plaintiffs do not waive or concede any arguments in support of remand, including arguments relating to the jurisdiction of this Court.

THE LANIER LAW FIRM, P.C.
6810 FM 1960 West
Houston, TX 77069

that Defendants are liable for the misconduct alleged. Plaintiffs have done so in their Complaint. Defendants' motion to dismiss should be denied in its entirety.

## II.      BACKGROUND

Defendants manufactured, marketed, promoted, and/or sold Johnson's talcum Baby Powder ("JBP") and Shower to Shower ("S+S") products (collectively, the "Products") to California consumers and continue to do so to this day. Complaint at ¶¶ 1, 8-11. In their Complaint, Plaintiffs repeatedly allege that the Products sold **during the relevant time period** contained "Asbestos and Talc Containing Asbestiform Fibers." Complaint at ¶ 6 ("At all relevant times, Plaintiffs . . . purchased JBP and S+S containing Asbestos and Talc Containing Asbestiform Fibers in the State of California."), ¶ 8 ("At all pertinent times, Johnson & Johnson was engaged in the business of manufacturing, marketing, testing, promoting, selling and/or distributing the JBP and S+S containing Asbestos and Talc Containing Asbestiform Fibers."), ¶¶ 10, 11 ("Johnson & Johnson Consumer Inc. mined, milled, processed, imported, converted, compounded, designed, manufactured, marketed, supplied, distributed, sold and/or otherwise placed in the stream of commerce JBP and S+S containing Asbestos and Talc Containing Asbestiform Fibers without warnings to which Plaintiff[s] and the consuming public in this State were exposed."), ¶ 16 ("For decades, Defendants have manufactured JBP and S+S containing Asbestos and Talc Containing Asbestiform Fibers that were and are continuing to be sold and marketed as safe for daily use by consumers . . ."), ¶¶ 18,

52, 51, 54 ("To this day, many talc-containing products presently on the market, including JBP and S+S contain Asbestos and Talc Containing Asbestiform Fibers."), ¶¶ 56, 57, 58 ("After 1976, Defendants and CTFA continued to obtain and/or receive results of testing performed internally and externally indicating the presence of Asbestos and Talc Containing Asbestiform Fibers in JBP and S+S."), ¶ 71 ("As recently as 2016, Defendants made material misrepresentations to the FDA regarding Asbestos and Talc Containing Asbestiform Fibers in its talcum powder products."), ¶ 83 ("At all times relevant to this action, Defendants have knowingly exposed California consumers to Asbestos and Talc Containing Asbestiform Fibers in the offending JBP and S+S talcum powder products without clear and reasonable warning to such individuals."), ¶ 93 ("Each of the Defendants' JBP and S+S talcum powder products exceed the 'safe harbor' provisions under Proposition 65, where a 'safe harbor' has been established."), ¶ 94 ("Defendants' JBP and S+S talcum powder products cause exposures to Asbestos and/or Talc Containing Asbestiform Fibers."), ¶¶ 100, 105 ("Plaintiffs purchased JBP and S+S containing Asbestos and Talc Containing Asbestiform Fibers . . ."), ¶ 118 (same); *see also* Complaint at Ex. A, p. 2.

As additional factual support for these allegations, Plaintiffs explain in detail in their Complaint that: (i) Asbestos and Talc Containing Asbestiform Fibers are both listed by the State of California as chemicals known to cause cancer, and thus are subject to the "clear and reasonable" warning requirements of Proposition 65 for

cancer (¶¶ 77-81); (ii) asbestos and asbestiform fibers are commonly, "if not invariably," present in talc and talc deposits (¶¶ 20, 22, 26, 39); (iii) numerous studies and tests conducted since the 1930s have found the presence of asbestos and asbestiform fibers in talc and talc products, including in Defendants' talcum powder products (¶¶ 22, 23, 25-27, 29, 31-33, 42, 48, 51-52, 56-58, 65); (iv) specialized testing through TEM and electron diffraction is the only reliable way to determine the asbestos content of talc and talcum powder (¶¶ 30-32, 34, 38-39, 44, 47-48, 65-66); (v) Defendants rejected any measures to meaningfully test their talc products to ensure they were free from asbestos and asbestiform fibers (¶¶ 30, 34, 36, 38, 40-41, 44, 47-48, 50-51, 53, 65-66); and (vi) Defendants consistently have concealed and misrepresented the asbestos content of their talc products (¶¶ 1, 10-11, 16-18, 26, 28, 34, 36-37, 40-41, 43-44, 46-63, 65-71, 83-88, 94, 109, 119).

## III.   **ARGUMENT**

### A. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" FED. R. CIV. P. 8(a)(2).  Detailed factual allegations are not required; the complaint simply must contain factual allegations sufficient "enough to raise a right to relief above the speculative level[.]" *Bell A. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint will survive a Rule 12(b)(6) motion if it "contain[s] sufficient factual matter, accepted as true, to

THE LANIER LAW FIRM, P.C.
6810 FM 1960 West
Houston, TX 77069

state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The plausibility standard "does not impose a probability requirement at the pleading stage;" rather, it merely "asks for more than a sheer possibility that a defendant has acted unlawfully." *Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. at 678. This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

" '[T]he complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible.' " *Lorenz v. Safeway, Inc.*, 241 F. Supp. 3d 1005, 1023 (N.D. Cal. 2017) (citation omitted). *See also Soo Park v. Thompson*, 851 F.3d 910, 928 & n.22 (9th Cir. 2017) (courts should consider "the entire sequence of events in the complaint . . . in context"), *cert. denied sub nom. Thompson v. Park*, 138 S. Ct. 642 (2018). Moreover, " '[i]f there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6).' " *Soo Park*, 851 F.3d at 918 (citation omitted). *See also Hill-Jones v. Gen. Electric Co.*, EDCV142636JGBDTBX, 2015 WL 12732713, at *3 (C.D. Cal. May 5, 2015) ("Furthermore, '[i]t is not incumbent upon a plaintiff to show that an inference in his favor is the only one that may be reasonably drawn

THE LANIER LAW FIRM, P.C.
6810 FM 1960 West
Houston, TX 77069

1  from the evidence; he need only show that the material fact to be proved may

2  logically and reasonably be inferred from the circumstantial evidence.' ") (citation

3  omitted).

4

5      In evaluating Defendants' Rule 12(b)(6) challenge to the Complaint, the Court

6  must assume that Plaintiffs' factual allegations are true and must construe all

7  reasonable inferences in their favor.  *See Iqbal*, 556 U.S. at 679 ("When there are

8  well-pleaded factual allegations, a court should assume their veracity and then

9  determine whether they plausibly give rise to an entitlement to relief."); *Twombly*,

10  550 U.S. at 555; *Keates v. Koile*, 883 F.3d 1228, 1234 (9th Cir. 2018) ("At the

11  motion-to-dismiss stage, we take all well-pleaded factual allegations in the complaint

12

13  as true, construing them 'in the light most favorable to the nonmoving party[.]' ")

14  (citation omitted).[2]  This is true even if Plaintiffs' factual allegations seem doubtful.

15  *See Twombly*, 550 U.S. at 556 ("And, of course, a well-pleaded complaint may

16

17  proceed even if it strikes a savvy judge that actual proof of those facts is improbable,

18  and 'that a recovery is very remote and unlikely.' ") (citation omitted); *Balderas v.*

19  *Countrywide Bank, N.A.*, 664 F.3d 787, 791 (9th Cir. 2011) ("A complaint containing

20

21  allegations that, if proven, present a winning case is not subject to dismissal under

22  12(b)(6), no matter how unlikely such winning outcome may appear to the district

23

24

25

26  [2]   *See also Soo Park*, 851 F.3d at 918; *Hill-Jones*, 2015 WL 12732713, at *1 ("When
     evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in
27   the complaint—as well as any reasonable inferences to be drawn from them—as
     true and construe them in the light most favorable to the non-moving party.").

28

THE LANIER LAW FIRM, P.C.
6810 FM 1960 West
Houston, TX 77069

1    Court.").[3]  Moreover, Plaintiffs are not required to prove their allegations at the

2    pleading stage.  *See Balderas*, 664 F.3d at 790-91 ("Complaints need only allege facts

3    with sufficient specificity to notify defendants of plaintiffs' claims. . . .  At trial,

4    plaintiffs can prove up the allegations."); *Centaur Classic Convertible Arbitrage*

5    *Fund Ltd. v. Countrywide Fin. Corp.*, 793 F. Supp. 2d 1138, 1143 (C.D. Cal. 2011)

6

7    ("Plaintiffs do not have to prove their case at the motion to dismiss stage.").[4]

8

9              **B. Plaintiffs' Complaint alleges sufficient facts to allow the Court to**
                  **draw the reasonable inference that the Products sold to Plaintiffs**

10

11

12

13   _____

14   [3]  *See also New Image Glob., Inc. v. Natl. Tobacco Co., L.P.*,
     CV0906761DMGDTBX, 2010 WL 11506712, at *5 (C.D. Cal. Sept. 24, 2010)

15   ("[A] court must accept all factual allegations as true even if doubtful in fact."); 
     *Cortina v. Goya Foods, Inc.*, 94 F. Supp. 3d 1174, 1181 (S.D. Cal. 2015)

16   ("Material allegations, even if doubtful in fact, are assumed to be true."); *Codexis,*
     *Inc. v. EnzymeWorks, Inc.*, 3:16-CV-00826-WHO, 2017 WL 4236860, at *4 (N.D.

17   Cal. Sept. 25, 2017) ("At the pleading stage, however, courts do not analyze which
     party's explanation is more plausible.").

18

19   [4]  *See also Hill-Jones*, 2015 WL 12732713, at *3 ("[C]ontrary to the thrust of
     Defendants' arguments, Plaintiffs need not prove their claim at the pleading stage.

20   Neither Rule 8 nor Supreme Court precedent requires such a demonstration.");
     *Koller v. Med Foods, Inc.*, 14-CV-02400-RS, 2015 WL 13653887, at *3 (N.D.

21   Cal. Jan. 6, 2015) ("Indeed, while a plaintiff must plead sufficient *facts* to support

22   a reasonable inference of liability, there is still no requirement that a plaintiff
     include *evidence* in a complaint, much less prove the case that that stage.");

23   *Comm. for Immigrant Rights of Sonoma County v. County of Sonoma*, C 08-4220

24   RS, 2010 WL 2465030, at *4 (N.D. Cal. June 11, 2010) ("Even under *Iqbal* and
     *Twombly* a plaintiff need not plead evidentiary matters or be able to prove a case

25   at the pleading stage."); *Banks.com, Inc. v. Keery*, C 09-06039 WHA, 2010 WL

26   1688612, at *4 (N.D. Cal. Apr. 26, 2010) ("At the pleading stage, plaintiff does

27   not need to prove the veracity of every allegation in its complaint.").

28

7

THE LANIER LAW FIRM, P.C.
6810 FM 1960 West
Houston, TX 77069

**and other California consumers contained Asbestos and Talc Containing Asbestiform Fibers.**

Plaintiffs repeatedly and unequivocally allege in their Complaint that Defendants' Products sold to California customers, including Plaintiffs, during the relevant time period contained Asbestos and Talc Containing Asbestiform Fibers. Complaint at ¶¶ 6, 8, 10-11, 16, 18, 42, 51, 54, 56-58, 71, 83, 93-94, 100, 105, 118. These allegations are not conclusory statements of law, but rather factual allegations that must be deemed true for purposes of a Rule 12(b)(6) analysis. *See, e.g., Iqbal*, 556 U.S. at 679; *Twombly*, 550 U.S. at 555; *Keates*, 883 F.3d at 1234.

Moreover, these factual allegations are supported by the other allegations in the Complaint. Plaintiffs have alleged that talc is usually, if not always, contaminated with some level of asbestos or asbestiform fibers. Complaint at ¶¶ 20, 22 ("Beginning in the 1930s, medical and scientific literature emerged indicating talc was **commonly, if not invariably**, contaminated with substances known or suspected of being carcinogenic, such as asbestos . . .") (emphasis added), ¶¶ 26, 39 ("Defendants . . . knew that there was **no such thing as asbestos-free talc**—only talc in which asbestos could not be detected using the prevailing, most economic analytical methodology . . .") (emphasis added). Plaintiffs have provided extensive detail regarding tests and studies from the 1930s through the 1990s that have found asbestos or asbestiform fibers in talc and talc products, including Defendants' Products. *Id.* at ¶¶ 22, 23, 25-27, 29, 31-33, 42, 48, 51-52, 56-58, 65. Plaintiffs have also alleged that Defendants knowingly promoted and utilized testing methods that

Ps' OPP TO  Ds' M TO DISMISS (2:18-cv-04830)

were insufficient for detecting asbestos and asbestiform fibers.  *Id.* at ¶¶ 30-32, 34, 36, 38-41, 44, 47-48, 50-51, 53, 65-66.  Finally, Plaintiffs alleged that Defendants have concealed and lied about the presence of asbestos and asbestiform fibers in their Products for decades.  *Id.* at ¶¶ 1, 10-11, 16-18, 26, 28, 34, 36-37, 40-41, 43-44, 46-63, 65-71, 83-88, 94, 109, 119.

Taking all these factual allegations as true and construing all inferences in the light most favorable to Plaintiffs, as the Court must,[5] Plaintiffs' claims allow this Court to draw the reasonable inference that the Products purchased by Plaintiffs and other California consumers contained Asbestos and Talc Containing Asbestiform Fibers.  *See Cortina*, 94 F. Supp. 3d at 1191–92, 1194, 1198 (in class action by consumers alleging beverage manufacturer failed to warn consumers of a potential carcinogen that was allegedly in its beverages, the court rejected the defendant's argument that such claims were not plausible because the plaintiffs failed to include specific allegations as to the carcinogen content of the defendant's sangria and beer other than asserting that both beverages, "[l]ike [the defendant's malt beverage], contained high levels of [the carcinogen] during approximately the same time period"; the court reasoned that the three beverages were substantially similar and subject to the same mislabeling allegations); *cf. Lorenz*, 241 F. Supp. 3d at 1017–18 ("To state a claim for breach of fiduciary duty, a complaint does not need to contain

---

[5]  *See, e.g., Iqbal*, 556 U.S. at 679; *Twombly*, 550 U.S. at 555; *Keates*, 883 F.3d at 1234.

Ps' OPP TO  Ds' M TO DISMISS (2:18-cv-04830)

THE LANIER LAW FIRM, P.C.
6810 FM 1960 West
Houston, TX 77069

actual allegations that refer directly to the fiduciary's knowledge, methods, or investigations at the relevant times. Even in the absence of such direct allegations, the court may be able to reasonably infer from the circumstantial factual allegations that the fiduciary's decision-making process was flawed.") (internal citations omitted).

Defendants do not cite a single case holding that Plaintiffs must plead the existence of tests finding asbestos and asbestiform fibers in Defendants' Products from the specific years at issue in the litigation in order to survive a Rule 12(b)(6) motion. Indeed, such a rule would be akin to requiring that Plaintiffs prove their case on the pleadings. The law is clear that there is no such requirement. *See, e.g.*, *Centaur*, 793 F. Supp. 2d at 1144–45 ("Whether or not Plaintiffs can prove that the alleged corrective disclosures caused the drop in the Debentures' value, as opposed to macroeconomic events, is a factual question that cannot be resolved at the motion to dismiss stage. . . . The Court will not conclude that Plaintiffs cannot prove loss causation until Plaintiffs have had the opportunity to present further evidence on the issue."); *Hill-Jones*, 2015 WL 12732713, at *4 ("Defendants are correct that, to ultimately succeed on their failure to warn theory, Plaintiffs will need to demonstrate Defendants' actual or constructive knowledge of the risk. They fail to cite any case law requiring Plaintiffs to allege facts sufficient to prove Defendants' knowledge at the pleading stage.") (internal citation omitted); *Attalla v. Ford Motor Co.*, CV132862MWFVBKX, 2013 WL 12139109, at *1 (C.D. Cal. June 3, 2013) ("At

THE LANIER LAW FIRM, P.C.
6810 FM 1960 West
Houston 77069

this stage of the litigation, Attalla need not prove his case or provide evidence of his entitlement to relief. His Complaint must only articulate sufficient facts to render his entitlement to relief plausible and it has done so."); *Codexis*, 2017 WL 4236860, at *4 ("Codexis need not prove with certainty that Tao had the requisite intent for fraudulent transfer. It need only provide sufficient factual allegations to support a plausible inference that it is entitled to relief."); *Koller*, 2015 WL 13653887, at *1 ("Deoleo contends Koller has not alleged sufficient facts to show that the particular bottle of olive oil he purchased necessarily failed to meet 'extra virgin' standards. . . . Deoleo's arguments would require a level of proof at the pleading stage that simply is not required, even under the *Iqbal/Twombly* regime and/or the standard for alleging fraud under Rule 9 of the Federal Rules of Civil Procedure.").[6]

Finally, Plaintiffs' claims are not rendered implausible by the 2009/2010 test results published on the FDA's website and cited by Defendants in their Memorandum. Specifically, Defendants ask that the Court take judicial notice of the

---

[6] *See also id*. at *3 ("The allegations of fact that Deoleo's oils do not meet the established standards for 'extra virgin' either when bottled and/or through degradation resulting from the packaging and handling practices, are sufficiently detailed and plausible without reference to the studies in the first instance. The studies may, if admissible, constitute *evidence* in support of the claims, and like the testing conducted by counsel also referenced in the complaint, may bear on the reasonableness of counsel's pre-suit investigation, but they are not controlling as to whether the complaint states a claim. Koller has alleged as a factual matter without equivocation that the oil in question does not meet the applicable standards, and there is nothing implausible about that assertion. Whether he can *prove* it remains to be seen, but dismissal at the pleading stage is not warranted.").

results of the FDA's "independent testing of talcum powder products, including JBP, for asbestos[,]" conducted in the 2009 to 2010 time period, which "found no detectable asbestos." Defendants' Memo at p. 4.[7]  Presumably, Defendants want the Court to infer from those results that none of their present-day Products contain asbestos or asbestiform fibers.

As a preliminary matter, FDA did not conduct this test itself; rather, it contracted with an "outside laboratory to do the work." *Supra* at fn. 7.  Moreover, only a single sample of JBP and a single sample of S+S were tested.  *Id.*  Finally, the FDA expressly stated that the results were "limited" and that,

> [f]or these reasons, while FDA finds these results informative, they do not prove that most or all talc or talc-containing cosmetic products currently marketed in the United States are likely to be free of asbestos contamination.

*Id.*

Under Federal Rule of Evidence 201, the Court may "take judicial notice of 'matters of public record,' but not of facts that may be 'subject to reasonable dispute.' " *U.S. v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (internal citation omitted).  *See also* FED. R. EVID. 201(b).  At most, the Court may take judicial notice of the fact that the 2009/2010 test occurred and that the outside laboratory contracted

---

[7]   http://www.fda.gov/cosmetics/productsingredients/ingredients/ucm293184.htm.

THE LANIER LAW FIRM, P.C.
6810 FM 1960 West
Houston, TX 77069

1   by the FDA claims that it did not find detectable levels of asbestos in the one sample

2   of JBP and the one sample of S+S it tested.  Notably, the cited website does not

3   provide sufficient information to allow the parties or the Court to determine whether

4   the tests were properly conducted.  *See Corinthian Colleges*, 655 F.3d at 999 ("[W]e

5   may not, on the basis of evidence outside the Complaint, take judicial notice of facts

6   favorable to Defendants that could reasonably be disputed.").  Regardless, it cannot

7   be inferred from the mere existence of this one test that Defendants' present-day

8   Products do not contain Asbestos and Talc Containing Asbestiform Fibers.  *Id.*

9   ("Here, we can consider the *existence of* the reports identified by EY . . . .

10  Nonetheless, we may not, on the basis of these reports, draw inferences or take notice

11  of facts that might reasonably be disputed. . . .   Therefore, while EY's factual

12  assertions with respect to the reports . . . may ultimately prove true, we will not decide

13  these disputed factual matters at this stage.  Instead, we focus only on the sufficiency

14  of Relators' allegations."); *Lorenz*, 241 F. Supp. 3d at 1027 ("The Court concludes

15  that the judicially noticed documents do not refute Lorenz's allegations or otherwise

16  render them implausible.  They do, however, create a factual dispute that cannot be

17  resolved on a motion to dismiss."); *Koller*, 2015 WL 13653887, at *3 ("Deoleo

18  requests judicial notice of certain studies referenced in the complaint, which Koller

19  alleges show that 'imported 'extra virgin' olive oil often fails international and USDA

20  standards' and that packaging olive oil in clear bottles can lead to rapid degradation

21  of its quality.  While judicial notice of the contents of these documents is technically

13

THE LANIER LAW FIRM, P.C.
6810 FM 1960 West
Houston, TX 77069

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

proper given that Koller has cited them in the complaint, adjudicating what those studies do or do not *prove* is beyond the appropriate scope of inquiry at the pleading stage.").

The District Court for the Southern District of California addressed a similar issue in *Cortina*, 94 F. Supp. 3d 1174.  In that case, a group of consumers brought a class action against a beverage manufacturer alleging that the manufacturer failed to warn consumers regarding the presence of 4-MEI, a potential carcinogen allegedly contained in the manufacturer's beverages.  *Id*. at 1180.  In arguing the plaintiffs' claims were not plausible, the defendant cited to a snippet of an FDA statement that it

> has no reason to believe that there is any immediate or short-term
> danger presented by 4-MEI at the levels expected in food from the use
> of caramel coloring.

*Id*. at 1194.  The court rejected the defendant's argument that the FDA's statement rendered the plaintiffs' claims implausible.  *Id*. at 1195.  First, the court noted that the FDA conditioned that statement as "[b]ased on the available information" and indicated that it was "continuing to review and reassess information[.]"  *Id*. at 1194.  The court explained:

> When taken together, it appears that the FDA is saying is [sic] it does
> not know whether, and in what amounts, 4-MEI presents a danger, but
> is looking into the situation.  This response is typical of such a large

14

THE LANIER LAW FIRM, P.C.
6810 FM 1960 West
Houston, TX 77069

agency with vast regulatory tasks and "limited resources."  Saying the FDA has "no [current] reason to believe" there is a danger is not the same as saying there is no danger.  It is possible the FDA will determine there is in fact a danger of 4-MEI in general, or at a specified level.  However, the Court declines to speculate on the potential outcome of the FDA's investigation.  While the FDA's decision idles, Plaintiffs' claims remain plausible.

*Id*. at 1194-95 (internal citation and footnote omitted).

The *Cortina* court went on to say that even if the FDA's decision had been final, this would not necessitate dismissal of Plaintiffs' claims:

Furthermore, even if the FDA had reached a general conclusion on the danger presented by 4-MeI [sic], there is no reason to defer unwaveringly to the FDA's decision in determining plausibility of a legal action. . . .  Advances in the science and technology responsible for detecting carcinogens is likely fast-paced[.] . . .  Thus: "[E]ven if it were the case that the FDA had clearly and specifically found that [4–MEI is] safe in small quantities (notwithstanding possible consequences of cumulative exposure), that would not justify dismissing the complaint under *Twombly* and *Iqbal* as 'implausible' . . . there is no basis on a motion to dismiss to conclude the FDA is so infallible that it is wholly implausible for plaintiffs to contend [4–MEI]

THE LANIER LAW FIRM, P.C.
6810 FM 1960 West
Houston, TX 77069

present[s] a health risk. Particularly given that scientific understanding of the risks presented by particular substances often evolves over time, the FDA pronouncements on which [Goya] relies are insufficient to support dismissing the complaint on implausibility grounds."

*Id*. at 1195 (quoting *In re Quaker Oats Labeling Litig.*, C 10-0502 RS, 2012 WL 1034532, at *2 (N.D. Cal. Mar. 28, 2012)) (internal citation and footnotes omitted).

Plaintiffs have pled sufficient factual content to allow the Court to draw the reasonable inference that the Products sold to Plaintiffs and other California consumers during the relevant time period contained Asbestos and Talc Containing Asbestiform Fibers.[8]  Accordingly, Defendants' motion to dismiss should be denied.

### C. Plaintiffs complied with Proposition 65's notice requirements.

Defendants also contend that Plaintiffs' Proposition 65 claims should be dismissed because their allegations do not demonstrate "they had adequate factual support for their certificate of merit when they sent the 60-Day Notice."  Defendants' Memo at p. 11.  This argument is wholly without merit.  First, as discussed above, Plaintiffs sufficiently pled the factual basis for their Proposition 65 claim in their

---

[8]  Notably it is Defendants who will bear the burden at trial of proving that an actionable exposure of asbestos has not occurred for purposes of Plaintiffs' Proposition 65 claims.  CAL. HEALTH & SAFETY CODE ANN. § 25249.10(c) ("Section 25249.6 shall not apply to any of the following: . . . .  (c) An exposure for which the person responsible can show that the exposure poses no significant risk . . . .  **In any action brought to enforce Section 25249.6, the burden of showing that an exposure meets the criteria of this subdivision shall be on the defendant**.") (emphasis added).

16

complaint.  *Supra* at § III.B.  Moreover, Plaintiffs fully complied with the notice requirements of Proposition 65.

A Proposition 65 action can be brought by a private individual so long as that person provides at least 60-days' notice of the alleged violations of Proposition 65 forming the basis for such private action

> to the Attorney General and the district attorney, city attorney, or prosecutor in whose jurisdiction the violation is alleged to have occurred, and to the alleged violator.

CAL. HEALTH & SAFETY CODE ANN. § 25249.7(d)(1).  A notice alleging a violation of § 25249.6 must include a certificate of merit executed by the attorney for the noticing party:

> The certificate of merit shall state that the person executing the certificate has consulted with one or more persons with relevant and appropriate experience or expertise who has reviewed facts, studies, or other data regarding the exposure to the listed chemical that is the subject of the action, and that, based on that information, the person executing the certificate believes there is a reasonable and meritorious case for the private action.

*Id.*  The noticing party need only attach supporting factual information to the certificate of merit that is served on the Attorney General.  *Id.*

Here, Plaintiffs properly and timely served their 60-day notice, which included

17

THE LANIER LAW FIRM, P.C.
6810 FM 1960 West
Houston, TX 77069

the required certificate of merit signed by Plaintiffs' counsel. Complaint at ¶¶ 13-14 and Ex. A. Plaintiffs also attached the factual information forming the basis of their claims to the copy of the certificate of merit served on the Attorney General. Complaint at Ex. A, p. 4. Thus, Plaintiffs fully complied with Proposition 65's notice provisions, and Defendants have no evidence demonstrating otherwise.[9] For this reason, the cases cited by Defendants are entirely inapposite. In *Physicians Comm. for Responsible Med. v. Applebee's Intl., Inc.*, 168 Cal. Rptr. 3d 334 (Cal. App. 2d Dist. 2014), the court held that the plaintiff's 60-day notice was defective because plaintiff's counsel **expressly admitted** to the court that the plaintiff "had not conducted a factual investigation regarding warnings before filing the lawsuit." *Id.* at 344-47. Plaintiffs have made no such admission in this case. In *In re Vaccine Cases*, 36 Cal. Rptr. 3d 80 (Cal. App. 2d Dist. 2005), the plaintiffs sent their 60-day notice before the effective date of the legislative amendment requiring a certificate of merit, but filed their initial Proposition 65 action after the effective date (and without providing the certificate of merit 60 days in advance). *Id.* at 86, 90-91. The court held that the plaintiffs were obligated to comply with the amended statute, as it

---

[9] To the extent they believe Plaintiffs have no legitimate basis to support their certificate of merit, Defendants have a specific remedy provided to them under § 25249.7. Specifically, **after** the action is concluded, **if** the Court has determined "that there was no actual or threatened exposure to a listed chemical," Defendants may move for the Court to review the factual basis for Plaintiffs' certificate of merit. CAL. HEALTH & SAFETY CODE ANN. § 25249.7(h)(2). The Court may then review such information "in an in-camera proceeding" at which Defendants cannot be present. *Id.*

THE LANIER LAW FIRM, P.C.
6810 FM 1960 West
Houston, TX 77069

became effective before they filed their complaint.  *Id.* at 91.  Because they failed to do so, dismissal of the plaintiffs' Proposition 65 claim was warranted.  *Id.*  Here, Plaintiffs included the certificate of merit in their 60-day notice.

### D. Alternatively, Plaintiffs request leave to amend their Complaint.

For the reasons discussed above, Plaintiffs believe their Complaint to be sufficient and for that reason has not moved to amend as a matter of right.  To the extent the Court disagrees, however, Plaintiffs request leave to amend their Complaint as necessary.  " 'The standard for granting leave to amend is generous.' " *Corinthian Colleges*, 655 F.3d at 995 (citation omitted).  *See also* Fed. R. Civ. P. 15(a)(2) (directing courts to "freely give leave [to amend] when justice so requires"); *New Image*, 2010 WL 11506712, at *5 (request for leave to amend the complaint "should be granted with extreme liberality") (citation and internal quotation marks omitted).  When determining whether to grant a request to amend, courts consider five factors: (i) "bad faith[;]" (ii) "undue delay[;]" (iii) "prejudice to the opposing party[;]" (iv) "futility of amendment[;]" and (v) "whether the plaintiff has previously amended the complaint." *Corinthian Colleges*, 655 F.3d at 995.  These factors "are generally evaluated 'with all inferences in favor of granting the motion.' " *Codexis*, 2017 WL 4236860, at *2 (citation omitted).  Moreover, "the factors 'are not of equal weight[,]' as it is generally accepted that prejudice and bad faith are the most important factors to consider." *Id.* (citation omitted).

In this case, Plaintiffs have not previously amended the Complaint and there

no evidence of bad faith, undue delay, or prejudice to Defendants.  Indeed, this case was filed only a few months ago, there is no trial date set, and discovery has yet to take place.  Moreover, an amendment would not be futile.  "A court should not deny leave to amend unless the court 'determines that the pleading could not possibly be cured by the allegation of other facts.' "  *New Image*, 2010 WL 11506712, at *5 (citation omitted).  *See also Corinthian Colleges*, 655 F.3d at 995 ("Under futility analysis, '[d]ismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment.") (citation omitted).

## IV.    **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion to Dismiss in its entirety, or, alternatively, that the Court grant Plaintiffs leave to amend their Complaint.

Dated:  June 28, 2018

**[Signature Blocks on Following Page]**

THE LANIER LAW FIRM, P.C.
6810 FM 1960 West
Houston, TX 77069

THE LANIER LAW FIRM, P.C.
6810 FM 1960 West
Houston, TX 77069

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By: */s/ Lee A. Cirsch*

Lee A. Cirsch (SBN 227668)
Michael A. Akselrud (SBN 285033)
THE LANIER LAW FIRM, P.C.
21550 Oxnard St., 3rd Floor
Woodland Hills, California 91367
Telephone: (310) 277-5100
Facsimile: (310) 277-5103

W. Mark Lanier (*pro hac* to be filed)
Richard D. Meadow (*pro hac* to be filed)
THE LANIER LAW FIRM, P.C.
6810 FM 1960 West
Houston, Texas 77069
Telephone: (713) 659-5200
Facsimile: (713) 659-2204

Michael S. Burg (*pro hac* to be filed)
David K. TeSelle (*pro hac* to be filed)
Seth A. Katz (*pro hac* to be filed)
BURG SIMPSON ELDEREDGE
HERSH & JARDINE, P.C.
40 Inverness Dr. East
Englewood, Colorado 80112
Telephone: (303) 792-5595
Facsimile: (303) 708-0527

*Attorneys for Plaintiffs Hermelinda Luna, Alexandria Hanks on behalf of the Estate of Tania D. Hanks, Ethel Herrera, Jeanette Jones, Becky Canzoneri, Margaret Reed and Brenda Versic*

21

THE LANIER LAW FIRM, P.C.
6810 FM 1960 West
Houston, TX 77069

# CERTIFICATE OF SERVICE

## (United States District Court)

I, Lee A. Cirsch, declare:

I am Attorney for Plaintiffs, over the age of eighteen years, and not a party to the above-captioned lawsuit.  My business address is 21550 Oxnard St., 3rd Floor, Woodland Hills, California 91367.  On June 28, 2018, the following documents:

**1.    PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (FCRP 12(b)(6));**

**2.    [PROPOSED] ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (FCRP 12(b)(6))**

was served on:

Peter A. Bicks
pbicks@orrick.com
Elyse D. Echtman
eechtman@orrick.com
ORRICK, HERRINGTON &
SUTCLIFFE LLP
51 West 52nd Street
New York, New York 10019-6142
Telephone: (212) 506-5000
Facsimile: (212) 506-5151

Natalie Nahabet
nnahabet@orrick.com
ORRICK, HERRINGTON &
SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, California 90017-5855
Telephone: (213) 629-2020
Facsimile: (213) 612-2499

Michael C. Weed
mweed@orrick.com
ORRICK, HERRINGTON &
SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, California 95814

22

THE LANIER LAW FIRM, P.C.
6810 FM 1960 West
Houston, TX 77069

Telephone: (916) 447-9200
Facsimile: (916) 329-4900

*Attorneys for Defendants Johnson*
*& Johnson and Johnson & Johnson*
*Consumer Inc.*

Service was accomplished as follows:

**By Electronic Means**.  On the above date, I filed the above-mentioned document by electronic means with the U.S. District Court for the Central District of California, over the internet, through its Case Management/Electronic Case Filing (CM/ECJ) system.  As such, the Court electronically mailed said document to the parties noted above, whose electronic mail address is set forth above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 28, 2018, in St. Louis, Missouri.


*/s/  Lee A. Cirsch*
Lee A. Cirsch