# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 18-4830-GW(KSx) | Date | August 23, 2018 |
| Title | *Hermelinda Luna, et al. v. Johnson and Johnson, et al.* | | |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | Katie Thibodeaux | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:
Dan Ernst
Michael A. Akselrud

Attorneys Present for Defendants:
Michael C. Weed

**PROCEEDINGS:** PLAINTIFFS' MOTION TO REMAND CASE TO THE SUPERIOR COURT OF CALIFORNIA [27]

Court hears oral argument. The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling. The Court would deny the motion.

Defendants' motion to dismiss [20] is placed back on calendar for September 24, 2018 at 8:30 a.m., with Defendant's reply due on or before September 7, 2018.

: 11

Initials of Preparer  JG

*Luna, et al. v. Johnson & Johnson, et al.*, Case No. 2:18-cv-04830-GW (KSx)
Tentative Ruling on Motion to Remand Case to the Superior Court of California

Plaintiffs Hermelinda Luna, Alexandria Hanks on Behalf of the Estate of Tania D. Hanks, Ethel Herrera, Jeanette Jones, Becky Canzoneri, Margaret Reed, and Brenda Versic (collectively, "Plaintiffs") move to remand this action to the Superior Court of the State of California in and for the County of Los Angeles. Defendants Johnson & Johnson and Johnson & Johnson Consumer Inc. (collectively, "Defendants") removed the case to this Court on May 31, 2018, asserting diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. *See* Notice of Removal ¶ 8. Plaintiffs' Complaint contains claims for 1) violation of Health & Safety Code § 25249.5 (Proposition 65), 2) violation of Cal. Business & Professions Code § 17200, et seq., and 3) violation of Cal. Business & Professions Code § 17500, et seq., arising out of Defendants' alleged failure to warn California consumers of exposure to Asbestos and Talc Containing Asbestiform Fibers – chemicals known to the State of California to cause cancer – in their Johnson's talcum Baby Powder and Shower to Shower products. *See* Complaint ¶ 1; *see also id.* ¶¶ 17-71, 77, 80, 83-88

Plaintiffs argue that the Court lacks subject matter jurisdiction and must remand, not because of an absence of complete diversity or an insufficient amount in controversy, but because of the somewhat-surprising argument that they lack Article III standing for their claims because of the absence of an injury-in-fact – that they "are acting as 'Private Enforcers' seeking the Court's intervention to provide relief for the public at large rather than for redress of their own individualized private injuries." Docket No. 27, at 11:23-27. At the very least, this is an unusual argument, insofar as Plaintiffs are suggesting a defect in their own claims (at least as pursued in federal court), but once a court determines that Article III standing is lacking in a removed case, it is indeed supposed to remand that action. *See Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1194, 1196-97 (9th Cir. 1993); *Wheeler v. Travelers Ins. Co.*, 22 F.3d 534, 537 (3d Cir. 1994) ("[I]f a district court finds that a plaintiff in a removed case does not have standing, it will remand the case to the state court.").

Notwithstanding the relative oddity of Plaintiffs' principal contention, Defendants point out a problem with Plaintiffs' attempted maneuver: Plaintiffs *have* actually pled that they *did* suffer an injury-in-fact (at least with respect to certain of their claims). *See* Complaint ¶¶ 105,

1

118. This seemingly quickly puts to an end Plaintiffs' theory that this Court lacks subject matter jurisdiction because of the absence of an injury-in-fact (or at least an allegation to that effect) in this case, and it is an allegation that serves to distinguish this case from those district court decisions upon which Plaintiffs rely.[1]

Plaintiffs also believe remand is appropriate because of their position that the State of California is the real party in interest in this litigation and, because it is not a citizen for diversity purposes, diversity jurisdiction does not lie over this case. They cite to *Iskanian v. CLS Transportation L.A., LLC*, 59 Cal.4th 348, 382 (2014), for the proposition that "[t]he government entity on whose behalf the plaintiff files suit is always the real party in interest in the suit." *Iskanian* was a Private Attorneys General Act case, not a Proposition 65 case.

Defendants respond that just because the State *could have* brought a lawsuit such as this does not *automatically* make it a real party in interest. In fact, it relies upon *Department of Fair Employment and Housing v. Lucent Technologies, Inc.*, 642 F.3d 728, 737 (9th Cir. 2011), as rejecting the idea that a state is a real party in interest in an action simply because it may have a "general welfare" interest in the suit. Instead, the Ninth Circuit has indicated that "a State's presence in a lawsuit will defeat jurisdiction under 28 U.S.C. § 1332(a)(1) only if 'the relief sought is that which inures to it alone . . . .'" This Court adopts the Ninth Circuit's view of when a State or state entity is a real party in interest. Plaintiffs obviously cannot claim that any relief under Sections 17200 and 17500 will "inure[] to it." Defendants further note that even as to the civil penalties available under Proposition 65, 25% is paid directly to the individual plaintiffs. *See* Cal. Healthy & Safety Code § 25249.12(d).

For the first time in their Reply brief (leaving Defendants no opportunity to respond, *see Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007)), Plaintiffs rely upon *People of California v. Universal Syndications, Inc.*, No. C 09-1186 JF (PVT), 2009 WL 1689651, *2 (N.D. Cal. June 16, 2009) and *People of California v. Time Warner, Inc.*, No. CV 08-4446 SVW (RZx), 2008

---

[1] *See Envtl. Research Ctr. v. Heartland Prods.*, 29 F.Supp.3d 1281, 1282 (C.D. Cal. 2014) ("Plaintiff does not allege it was individually injured by defendant's alleged conduct."); *Toxic Injuries Corp. v. Safety-Kleen Corp.*, 57 F.Supp.2d 947, 952 (C.D. Cal. 1999) ("The Complaint states that by exposing persons to the toxic chemicals, Defendants have exposed persons to injuries 'to such a degree that the necessity monitoring [*sic*] of their health is a reasonably certain consequence of the exposure.' Such allegations do not suffice allege an 'injury in fact' to Plaintiff.") (omitting internal citation); *Envtl. World Watch, Inc. v. Am. Airlines, Inc.*, No. C05-1799 THE, 2005 WL 1867728, *1 (N.D. Cal. Aug. 3, 2005) ("Plaintiff has admittedly sustained no injury . . . ."); *As You Sow v. Sherwin-Williams Co.*, No. C-93-3577-VRW, 1993 WL 560086 (N.D. Cal. Dec. 21, 1993) ("AYS has not alleged a 'distinct and palpable injury' to itself.").

WL 4291435 (C.D. Cal. Sept. 17, 2008) to support their real party in interest-based contentions. But in both of those cases, the State (or "People") of California was literally a party in the action, albeit as represented by a county District Attorney in one of the cases and prosecutors in the criminal branch of the Los Angeles City Attorney's Office in the other. *See Envtl. Research Ctr. v. Heartland Prods.*, 29 F.Supp.3d 1281, 1283 (C.D. Cal. 2014) ("[I]f the State of California had brought this Proposition 65 enforcement action, defendant would have had no right to remove it to federal court."). Those two cases, both of which were also decided before *Lucent Technologies*, do not cover this case, which was brought exclusively by private individuals.

Finally, Plaintiffs offer the strange assertion in their Reply brief that even if the Court has jurisdiction because of their Article III standing to pursue their Section 17200 and 17500 claims, their Proposition 65 claim "predominates" over the rest of the claims in this case and, as a result, the Court should decline supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(2). There are multiple problems with this contention.

First, they raised it for the first time in their Reply brief (and not in response to any argument Defendants presented[2]), meaning that the Court need not even consider it. *See Zamani*, 491 F.3d at 997.[3] Defendants have had no opportunity to respond to the point, so the Court rejects it out-of-hand. In any event, for the following reasons, it would hold no sway.

The second problem is that Defendants assert that the Court has subject matter jurisdiction here because of *diversity* jurisdiction, not *federal question* jurisdiction. Principles of supplemental jurisdiction have little influence in diversity jurisdiction cases, except in limited

---

[2] Plaintiffs state that Defendants "presumably" are arguing "that this Court has supplemental jurisdiction over the Proposition 65 claim" due to Defendants' assertion "that 'this Court's jurisdiction over the UCL and FAL claims gives it jurisdiction over the Proposition 65 claim.'" Docket No. 38, at 8:1-5. The Court's interpretation of Defendants' position is that Plaintiffs' have Article III standing for their "UCL and FAL claims" because of their injury-in-fact allegations, and the Court therefore has subject matter jurisdiction over the action as a whole under the principles of diversity jurisdiction identified as the basis for subject matter jurisdiction in Defendants' Notice of Removal, even if the Court might ultimately have to dismiss individual claims for standing-related defects. The Court sees no sign of Defendants calling upon principles of supplemental jurisdiction (likely due to reasons addressed herein regarding the inapplicability of the concept here).

[3] In another argument raised for the first time in their Reply brief, Plaintiffs assert that they lack Article III standing over their request for injunctive relief because they are necessarily already aware of the alleged harm at the center of this litigation. Again, this is a strange argument for Plaintiffs to make about their own case. But even if correct, and even if the Court were to overlook the late-assertion of the point, *see Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007), if Plaintiffs suffered (or allegedly suffered) an injury-in-fact and may legitimately seek at least one form of relief (*e.g.*, restitution, disgorgement, fines), any problem with their pursuit of injunctive relief is neither here-nor-there for the question of the Court's subject matter jurisdiction over this case in general.

circumstances not present here. *See, e.g.*, O'Connell & Stevenson, RUTTER GROUP PRAC. GUIDE: FEDERAL CIV. PRO. BEFORE TRIAL (The Rutter Group 2018), ¶¶ 2:895-897, at 2B-82 – 83; *id.* ¶ 2:1930, at 2C-105. Supplemental jurisdiction almost-always arises in cases presenting federal question jurisdiction and necessarily *supplemental* (or pendent) jurisdiction over state-law claims (where there is no diversity, or an insufficient amount-in-controversy).

Third, even if supplemental jurisdiction was at issue here, along with the exception to that jurisdiction for where state law claim "substantially predominate," Plaintiffs' argument for why their Proposition 65 claim predominates is that it serves as the foundation for their Sections 17200 and 17500 claims. They have cited no case that has employed the "substantially predominates" concept in a similar way.[4] Given the fact that a claim under Section 17200 almost always "borrows" the alleged violation of another law in order to satisfy that statute's "unlawful" prong, one would expect a case to have addressed that point.

Finally, even if the Court were to conclude that principles of supplemental jurisdiction apply here, and that Plaintiffs' Proposition 65 claim meet the "substantially predominates" standard, the result would not be a remand of the entire case. Where state-law claims substantially predominate, federal courts can decline supplemental jurisdiction over those claims (and sever and remand them, in a removal case, *see, e.g.*, *Nahat v. Ballet San Jose, Inc.*, No. C 13-2896 SBA, 2013 WL 5934705, *4 (N.D. Cal. Nov. 1, 2013)) and retain jurisdiction over the remaining non-predominating federal claims. While the Court might not rule out the existence of exceptions to that rule not appearing to be present here, federal courts cannot remand an entire case where they properly have federal jurisdiction over part of it. *See, e.g.*, *Ukiah Automotive Invs. v. Mitsubishi Motors of N. Am., Inc.*, No. 04-3932 MMC, 2004 WL 2623229, *1 & n.1 (N.D. Cal. Nov. 15, 2004).

While Plaintiffs are of course correct that doubts about removal are to be resolved in favor of remand, there is no doubt here. The Court would deny the motion.

---

[4] Indeed, it would make little sense for any court to have analyzed the issues in such a way, because the normal question is not whether one state-law claim substantially predominates over one or more other *state law* claims, but whether it substantially predominates over one or more *federal question* claims.