# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 18-4830-GW(KSx) | Date | July 29, 2019 |
|---|---|---|---|
| Title | *Hermelinda Luna, et al. v. Johnson and Johnson, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | Katie E. Thibodeaux | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Michael A. Akselrud | Elyse D. Echtman |
| | Natalie Nahabet |

**PROCEEDINGS:    PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL PURSUANT TO FED. R. CIV. P. 41(a)(2) [96]**

The Court's Tentative Ruling is circulated and attached hereto. Court hears oral argument. For reasons stated on the record, the hearing is continued to August 19, 2019 at 8:30 a.m. Counsel are to file a joint status report by August 14, 2019.

All previously set deadlines and dates are vacated and taken off-calendar.

|  | : | 09 |
|---|---|---|
| Initials of Preparer | JG | |

*Luna, et al. v. Johnson & Johnson, et al.*, Case No. 2:18-cv-04830

| | |
|---|---|
| MOTION: | **Motion for Voluntary Dismissal Pursuant to Fed. R. Civ. P. 41(a)(2)** |
| MOVANT: | Plaintiffs Hermelinda Luna, Alexandria Hanks on behalf of the Estate of Tania D. Hanks, Ethel Herrera, Jeanette Jones, Becky Canzoneri, Margaret Reed and Brenda Versic |
| RESP.: | Defendants Johnson & Johnson and Johnson & Johnson Consumer Inc. |
| POS: | Okay |
| HRG.: | Monday, July 29, 2019 |

Hermelinda Luna, Alexandria Hanks on behalf of the Estate of Tania D. Hanks, Ethel Herrera, Jeanette Jones, Becky Canzoneri, Margaret Reed and Brenda Versic (collectively, "Plaintiffs") move to voluntarily dismiss this "Proposition 65" action pursuant to Federal Rule of Civil Procedure 41(a)(2), either without prejudice (and without payment of costs and attorney's fees) or with prejudice.  *See* Docket No. 96. Generally, this lawsuit concerns allegations that the defendants have failed to warn California consumers of exposure to asbestos and talc containing asbestiform fibers – chemicals known to the State of California to cause cancer – in their Johnson's talcum Baby Powder and Shower to Shower products.  *See* Complaint, Docket No. 1.  Plaintiffs originally brought this action in state court in March of 2018 for: 1) violation of Health & Safety Code § 25249.5 (Proposition 65), 2) violation of Cal. Business & Professions Code § 17200, et seq., and 3) violation of Cal. Business & Professions Code § 17500, et seq.  Defendants removed the action to federal court in May 2018.  *Id.*  This action has been actively litigated with motions to dismiss, for remand back to state court, to intervene, as well as various discovery motions.[1]

Plaintiffs now seek to dismiss because they may wish to file a new lawsuit including new defendants and new products that they believe may contain asbestos in order to proceed by way of "a single Prop 65 litigation" that would be, in their view, "the most efficient means to adjudicate that claim."  Docket No. 96, at 3:14-15.  Defendants Johnson & Johnson and Johnson & Johnson Consumer Inc. (collectively, "Defendants")

---

[1] On November 8, 2018, the Court held a Fed. R. Civ. P. Rule 26(f) scheduling conference wherein it set the close of regular discovery on May 10, 2019 and a jury trial on October 15, 2019.  *See* Docket No. 51.  It also ordered that there would be no further amendments of pleadings allowed without going through a Rule 16 motion.  *Id.*

ask that the Court deny the motion or grant a dismissal without prejudice, but conditioned upon payment of costs and fees (the exact amount of which would be determined by future filings).

Under Rule 41(a)(2) (as opposed to voluntary dismissals pursuant to Federal Rule of Civil Procedure 41(a)(1)), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."   Fed. R. Civ. P. 41(a)(2). "Unless the order states otherwise, a dismissal under this paragraph…is without prejudice."   *Id.*   Whether to allow dismissal under Rule 41(a)(2) rests in the Court's "sound discretion."   *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir. 1982); *see also* Phillips & Stevenson, RUTTER GROUP PRAC. GUIDE: FEDERAL CIV. PROC. BEFORE TRIAL (The Rutter Group 2019) ("Phillips & Stevenson") § 16:344, at 16-180.   Generally dismissal is allowed unless the defendant would suffer "some plain legal prejudice" as a result.   *Hamilton*, 679 F.3d at 145; Phillips & Stevenson § 16:345, at 16-180.   "Legal prejudice" means "prejudice to some legal interest, some legal claim, some legal argument."   *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001) (omitting quotation marks) (quoting *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996)); *see Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1093 (9th Cir. 2017); *see also Westlands Water Dist.*, 100 F.3d at 97 ("[I]n determining what will amount to legal prejudice, courts have examined whether a dismissal without prejudice would result in the loss of a federal forum, or the right to a jury trial, or a statute-of-limitations defense."); *Hyde & Drath v. Baker*, 24 F.3d 1162, 1169 (9th Cir. 1994) ("The inconvenience of defending another lawsuit or the fact that the defendant has already begun trial preparations does not constitute prejudice.").

To be brief, the Court sees no "plain legal prejudice" that Defendants would suffer as a result of a dismissal, notwithstanding Defendants' argument to that effect.   For instance, the suggestion that Defendants will necessarily lose a federal forum is entirely speculative at this point.[2]   Nor is the Court inclined to accept Defendants' invitation, on this motion, at this stage of the case (without a dispositive motion already pending and fully-briefed), and with the history of litigation related to the underlying subject at issue

---

[2] In addition, Plaintiffs offered, in their Reply, to stipulate that any future case *they* bring on *these same claims* would be brought in federal court.   *See* Docket No. 105, at 13:3-5.

in this case, to dive-deep on the merits to conclude that Plaintiffs have no hope of prevailing in this action or another one like it.[3]   As such, the Court is inclined to grant the motion.  The only question is what "terms . . . the court considers proper" for a dismissal.

In their Opposition, Defendants have argued that, in Proposition 65 litigation, a "with prejudice" dismissal – or at least a dismissal with *res judicata* effect – is effectively unavailable.   *See* Docket No. 104, at 14:23-15:6.   Plaintiffs do not appear to have contested, or even addressed, that assertion in their Reply brief.  As a result, the Court views only a without-prejudice dismissal as an option here (now that it has concluded that a denial of the motion is not warranted).

However, while the Court is inclined to grant this motion, it will not grant a without-prejudice dismissal without condition of paying those costs and fees that Defendants have incurred and that, in this Court's view, are unlikely to be useful to Defendants in any future litigation on this subject.  A leading practice guide indicates that a court may, and typically does (though is not required to), condition dismissals *without* prejudice on the plaintiff reimbursing the defendant for costs and disbursements incurred (including attorney's fees).   *See* Phillips & Stevenson §§ 16:366-367, at 16-186 – 187.[4] Given the length of this case and amount of work Defendants have understandably put into it, to allow Plaintiffs to dismiss the case without prejudice at this stage would otherwise be unjust.  The only question would be the appropriate amount.

Of the work Defendants have identified at page 22, lines 11-21 of their Opposition brief that they would like to see included in a costs/fees condition, *see* Docket No. 104, at 22:11-21, the Court is inclined to agree with them as to the following: the Notice of Removal; the *Pro Hac Vice* Applications; the Motion to Remand; the Motion to Dismiss; the Rule 16 conference; the Rule 26 conference and Joint Rule 26(f) Report; the discovery conference before the Magistrate Judge; the Motion to Amend; the Request to Vacate Motion to Amend Hearing; and the present Motion for Voluntary Dismissal (except as

---

[3] Defendants chose to devote a significant portion of their Opposition brief to arguments better-suited for a motion to dismiss, a motion for class certification, a motion for summary judgment, or a *Daubert* motion.

[4] The Court might also consider asking the parties whether a dismissal should also include the condition that discovery materials assembled to date can be used in any subsequent proceeding between the parties (or on equivalent claims advanced by other plaintiffs represented by Plaintiffs' current lawyers).  *See* Phillips & Stevenson § 16:371, at 16-187.

qualified below).  The Court also agrees with Defendants that they should submit a further filing before the Court can reach an appropriate amount to include in the conditional dismissal (and the Court obviously will not grant any dismissal until – at the earliest – reaching its conclusion on that point).[5]  Defendants should be clear, however – the Court will take a skeptical view of any signs of over-lawyering that is sometimes the case for large law firms engaging in big-ticket litigation.  The Court also likely will not award any fees or costs associated with the further filings aimed at identifying the appropriate amount of fees/costs to be included in the conditional dismissal order (unless Plaintiffs unnecessarily protract the proceedings related thereto).

Unless Plaintiffs choose to withdraw their motion, *see Lau v. Glendora Unified Sch. Dist.*, 792 F.2d 929, 930-31 (9th Cir. 1986), the Court is inclined to grant it, dismissing the action without prejudice, but subject to the condition (or conditions) outlined above.

---

[5] Plaintiffs ask that, if the Court is inclined to award costs and fees, it "clarify that such an award will ripen only upon Plaintiffs filing a new 'action based on or including the same claim against the same defendant.'"  Docket No. 96, at 8:5-8.  Plaintiffs cite no authority for that being a permissible/effective order other than a citation to Federal Rule of Civil Procedure 41(d).  Rule 41(d) allows the court in which the *second* action is filed to order payment of costs.  It does not, on its face, appear to allow for Plaintiffs' suggested later-ripening dismissal order.  Defendants, for their part, have not responded to Plaintiffs' request/suggestion, other than to – correctly, in this Court's view (at least as to certain costs/expenses) – observe that "the amounts Defendants spent on this litigation will be wasted regardless of whether another case is commenced."  Docket No. 104, at 23:9-11.