UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| HERMELINDA LUNA, ALEXANDRIA HANKS ON BEHALF OF THE ESTATE OF TANIA D. HANKS, ETHEL HERRERA, JEANETTE JONES, BECKY CANZONERI, MARGARET REED and BRENDA VERSIC,<br><br>Plaintiffs,<br><br>v.<br><br>JOHNSON & JOHNSON , JOHNSON & JOHNSON CONSUMER INC., AND DOES 1-25, inclusive,<br><br>Defendants. | Case No. 2:18-cv-04830-GW-KS<br><br>[~~PROPOSED~~] AMENDED STIPULATED PROTECTIVE ORDER<br><br>Ctrm.:  9D<br>Judge:  Hon. George H. Wu<br><br>Trial Date: None<br>Date Action Filed:  March 6, 2018 |

**Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Proposed Amended Stipulated Protective Order ("Stipulation") filed on August 29, 2019, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been modified by the Court's amendment of paragraphs III, IV, and VI of the Stipulation.**

# AGREED TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT[1]

## I. PURPOSE

This Stipulated Protective Order (the "Order") is entered into for the purpose of facilitating the production of documents which may reflect the confidential and/or proprietary information maintained by Orrick, Herrington & Sutcliffe, LLP ("Orrick"), including, but not limited to, confidential negotiated fee rates between Orrick, Johnson & Johnson ("J&J"), and Johnson & Johnson Consumer, Inc. ("JJCI").

## II. DEFINITIONS

1. <u>Action</u>: the action listed in the above caption.

2. <u>Party</u>/<u>Parties</u>: any party to the Action.

3. <u>Counsel</u>: attorneys who are listed as counsel of record in the Action or have entered appearances for one of the Parties to the Action, including, but not limited to, attorneys who have been admitted via *pro hac vice*, inclusive of paralegals and other support personnel at Counsels' law firms who are actively assisting with the Action.

4. <u>Protected Material</u>: any document which may reflect Orrick's confidential and/or proprietary billing information, including, but not limited to, the confidential negotiated fee rates that Orrick charges J&J and/or JJCI for services rendered in connection with this Action, which information has been designated as "CONFIDENTIAL-ATTORNEY'S EYES ONLY".

## III. SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom; as well as all copies, excerpts, summaries, or compilations thereof, plus testimony,

---

[1] The Court's additions to the agreed terms of the Protective Order are generally indicated in bold typeface, and the Court's deletions are indicated by lines through the text being deleted.

conversations, or presentations by Counsel in settings that might reveal Protected Material. However, this Order shall not be construed to cause any Counsel to produce or return their own attorney work product created in connection with the Action.

**Counsel shall maintain** ~~T~~the Protected Material ~~shall be maintained~~ on an attorneys' eyes only basis.  Counsel who receives Protected Material may use the Protected Material only in connection with the prosecution of, defense of, appeal of, or the attempted settlement of the Action. **Counsel may not use** ~~T~~the Protected Material ~~may not be used~~ for any other purpose, including, without limitation, any business or commercial purpose, or any purpose related to any other investigation, proceeding or action. **Counsel may disclose** Protected Material ~~may be disclosed~~ only to Counsel and may not ~~be~~ disclose~~d~~ **Protected Material** to the Parties.

### IV. LEGAL PROCESS

If at any time, any Protected Material is subpoenaed or requested by any court, administrative or legislative body, or by any other person or entity, including any governmental agency or other self-regulatory organization, purporting to have authority to require the production thereof, the **Party** ~~person~~ to whom the subpoena or request is directed shall promptly give written notice to Orrick and include with such notice a copy of the subpoena or request.

**If Counsel or a Party in this Action is served with a subpoena or order by any court, administrative or legislative body, or any other person or entity that compels disclosure of any information or items designated in this Action as Protected Material, the person or entity served must:**

(a) **Promptly notify Orrick in writing and include a copy of the subpoena or order at issue;**

(b) **Promptly notify in writing the party who caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such a**

notification shall include a copy of this Stipulated Protective Order; and

    (c) **Cooperate with respect to all reasonable procedures sought to be pursued by Orrick.**

**If Orrick timely seeks a protective order, the Party or Counsel served with the subpoena or order at issue shall not produce any Protected Material before a determination by the court, agency, or entity that issued the subpoena or order, unless that Party or Counsel has obtained Orrick's permission to do so. Orrick, as the Designating Party, shall bear the burden and expense of seeking protection in that court of Protected Material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party or Counsel in this Action to disobey a lawful directive from another court, government agency, or administrative or legislative body.**

~~The **Party** person to whom the subpoena or request is directed shall make all reasonable good faith efforts to provide Orrick with a reasonable period of time in which to seek to quash, limit or object to the subpoena or request, or to move for any protection of the Protected Materials, before the **Party** person to whom the subpoena or request is directed takes any action to comply with the subpoena or request. In no event shall such Protected Materials be produced by a **Party** person receiving a subpoena or request without providing Orrick with a reasonable period of time in which to seek to quash, limit or object to the subpoena or request, or to move for any protection of the Protected Materials, absent a Court order to do so or as otherwise required by law.~~

## V. DURATION

The confidentiality obligations imposed by this Order shall remain in effect until Orrick agrees otherwise in writing or until this Court orders otherwise.

## VI. FILING PROTECTED MATERIAL

In connection with any motion practice, filings or any matter relating to the

1  Action, should Counsel determine it must file or submit in writing to the Clerk's
2  office any Protected Material, or any papers containing or making reference to the
3  substance of such material or information, **Counsel shall file** such documents or
4  portions thereof containing or making reference to such material or information
5  ~~shall be filed~~ with a request that the documents be filed under seal in accordance
6  with the rules of the Court, and kept under seal until further order of the Court. ~~The~~
7  ~~Parties are authorized hereunder to file a request that any Protected Materials and/or~~
8  ~~portions thereof be filed under seal in accordance with this Order and the Court's~~
9  ~~practices.~~ **The request, or application, to seal shall comply with Local Rule 79-5 and provide the requisite showing based on competent evidence of "good cause" or "compelling reasons" for a court order allowing such material to be filed under seal.**

## VII. FINAL DISPOSITION

Except as provided by law or unless otherwise ordered or agreed in writing by Orrick, within sixty (60) calendar days after the voluntary dismissal of the Action, (or if the Action is not voluntarily dismissed, final termination of the Action, including any appeals), Counsel shall undertake commercially reasonable efforts to return to Orrick all Protected Material or destroy all Protected Material. In either case, Counsel shall provide Orrick with a certification stating that it has taken commercially reasonable efforts to destroy or return the Protected Material. Information saved on backup media in an electronically stored format will be certified to have complied with the 60-day destruction period if Counsel has a data destruction policy for the backup media resulting in the eventual destruction or overwriting of the electronically stored information.

This Order shall survive the voluntary dismissal or final termination of the Action, and this Court shall have continuing jurisdiction for enforcement of its provisions. No part of the restrictions imposed by this Order may be waived or terminated, except by written stipulation executed by Orrick, or by an Order of the

Court for good cause shown.

## VIII. GOOD CAUSE STATEMENT

There is good cause for the entry of this protective order where the fees that Orrick charges to Defendants constitute proprietary pricing information that Orrick keeps confidential in the ordinary course of business. Disclosure of the specific pricing, which includes a negotiated fee arrangement would harm Orrick and adversely affect its ability to compete in the marketplace against other law firms. *See E&J Gallo Winery v. Proximo Spirits, Inc.*, 2012 WL 1635190, at *1 (E.D. Cal. May 8, 2012) (holding "information [within invoices] detail[ed] confidential billing rate information, that, if became known would likely impact the law firm's competitiveness").

**IT IS SO ORDERED.**

Dated: August 30, 2019

KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE