# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 18-4830-GW(KSx) | Date | October 17, 2019 |
|---|---|---|---|
| Title | *Hermelinda Luna, et al. v. Johnson and Johnson, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | Terri A. Hourigan | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Michael A. Akselrud | Elyse D. Echtman |
| Alex Brown | Natalie Nahabet |

**PROCEEDINGS:**    **PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL PURSUANT TO FED. R. CIV. P. 41(a)(2) [96]**

**DEFENDANTS' MOTION RE APPLICATION FOR FEES AND COSTS [120]**

The Court's Ruling on Motion for Voluntary Dismissal is circulated and attached hereto. Court and counsel confer. For reasons stated on the record, the Motions are GRANTED. Plaintiffs are to pay Defendants the amount indicated in the Court's Ruling by December 16, 2019. If such payment is completed, the Court will then dismiss the matter upon Plaintiffs' presentation of an appropriate order.

|  | : | 04 |
|---|---|---|
| Initials of Preparer | JG | |

***Luna, et al. v. Johnson & Johnson, et al.***, Case No. 2:18-cv-04830
Ruling on Motion for Voluntary Dismissal Pursuant to Fed. R. Civ. P. 41(a)(2)


As the Court previously explained in this matter, *see* Docket No. 106, it has conditioned Plaintiffs' voluntary dismissal of this case upon payment of fees and costs that Defendants incurred and that the Court felt were "unlikely to be useful to Defendants in any future litigation on this subject." *Id.* at pg. 4 of 5. Defendants have attempted to convince the Court to grant them fees and costs associated with more work than the list of work the Court indicated in Docket No. 106 that it was inclined to compensate them for; but the Court has not been convinced by Defendants' effort at explaining why they believe such work is "unlikely to be useful to Defendants in any future litigation on this subject." Similarly, however, the Court rejects Plaintiffs' attempt to have the Court reduce that list of compensable litigation endeavors.

The Court finds the amount of time spent on the approved-projects to be reasonable, and sees no need to conduct an in-camera review of Defendants' counsel's unredacted bills. As to rates, it finds that all are reasonable[1] (considering this District as the relevant market) with the exception of the rate used for the most-expensive partner employed in the matter. That rate (which is submitted herein under seal) – *after* discounting – exceeds the highest top-end rate of almost all of the sources Defendants offer for comparison. *See* Docket No. 132-1, at 5:4-13, 6:24-7:19, 8:3-9:1. Though the Court has no particular reason to question the quality of that attorney, the Court is unwilling to go along with the other courts that have concluded lawyer's rates exceeding that rate are reasonable, even if such certain corporations are willing to pay such rates. As a result, the Court reduces the rate for that attorney from the amount identified to $985.21 per hour, the average for the high-end partner rates in the comparison figures the Defendants themselves provided in the citations just referenced.[2]

The Court has reviewed Exhibits A, C, D, F, H, J, K, M and O to the Declaration of Elyse D. Echtman in Support of Defendants' Application for Fees and Costs, Docket No. 132-2, and has totaled up the hours the attorney in question spent on the matters the Court has deemed compensable. According to the Court's calculations, reducing the rate requested for that attorney to $985.21 for the hours he spent on the compensable activity results in an overall fee reduction for Defendants' counsel's work in the amount of $9,632.72.

For the activity the Court had previously identified in Docket No. 106 as compensable, Defendants' counsel billed $584,024.99. As a result, the Court will condition voluntary dismissal of this action upon payment of $574,392.27 in attorney's fees ($584,024.99 - $9,632.72) and $8,301.63 in costs.

The Court grants the motion for voluntary dismissal for the reasons set forth in Docket No. 106, grants Defendants' application for fees and costs filed in association with their opposition to that motion for voluntary dismissal in the amounts set out above.

Plaintiffs are to pay Defendants the above amount by December 16, 2019. If such payment is completed, the Court will then dismiss the matter upon Plaintiffs' presentation of an appropriate order.

---

[1]Plaintiffs themselves admit that defendants' counsel's "rates align with those charged by the nation's fifty priciest law firms." *See* Docket No. 135-1, at 3:1-2. Whether or not defendants' counsel is one of the fifty best law firms in the nation, the Court has no hesitation concluding that they are at least in the ballpark.

[2]($892.00 + $1,200.00 + $930.00 + $886.50 + $1,200.00 + $900.00 + $897.00 + $896.85 + $1,110.00 + $975.00 + $950.00) ÷ 11 = $985.21.